490

Piscanio Appeal.

Submitted June 13, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Dean L. Foote,* for appellant.

*Richard J. Shiroff,* Assistant District Attorney, and *Charles H. Spaziani,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., September 22, 1975:

Petitioner appeals to this Court seeking to reinstate his private criminal complaints which, after having been approved at first by an assistant district attorney, were finally disapproved by the district attorney of Northampton County. We hold that a district attorney, having the power to approve or disapprove a private criminal complaint in the first instance, is empowered to withdraw his initial approval when such action is indicated by the circumstances, and we therefore will affirm the order below.

On August 31, 1974, appellant executed a number of private criminal complaints charging several named individuals and a John Doe with various offenses including burglary, criminal trespass, criminal mischief and other related crimes.[1] These complaints were approved by an assistant district attorney of Northampton County pursuant to Pa. R. Crim. P. 133(B)[2] and transmitted to a district magistrate on the same date. The district magistrate certified his belief that the affiant was responsible and that probable cause for the issuance of process existed. On September 20, 1974, some additional private complaints charging another individual with some of the same offenses were executed by appellant. The district magistrate endorsed the complaints without obtaining the approval of the district attorney as is required by Pa. R. Crim. P. 133(B) and 134.

On October 2, 1974, the district attorney informed the district magistrate by letter that he was disapproving the first group of complaints which had been executed and

---

1. Appellant alleges that the crimes were committed when the individuals broke into appellant's business premises on August 29, 1974.

2. This rule was adopted January 31, 1970, effective May 1, 1970, as Rule 105. It was renumbered as Rule 133 and amended September 18, 1973, effective January 1, 1974. Subsequent to the date of the proceedings here at issue, on January 23, 1975, the rule was again amended, effective September 1, 1975.

approved by the assistant district attorney on August 31. The letter disclosed that the district attorney was disapproving the complaints due to a lack of probable cause and legal basis for the prosecution. The second group of complaints executed on September 20 without approval by the district attorney's office were disapproved by the district attorney on October 15, 1974.

Seeking reinstatement of his complaints, appellant, without counsel, addressed his grievance to the court of common pleas by means of a letter with an attached "affidavit" in which he enumerated allegations of fact and conclusions of law. The thrust of appellant's argument in this communication was that he, as private prosecutor, had complied with all the requirements under the rules for bringing a criminal complaint, that the district attorney had not conformed to the requirements of the rules when he disapproved the complaints in this instance, that the district attorney's action on the complaints was therefore defective and the appellant was entitled to reinstatement of the complaints. In response to this, the lower court on October 18, 1974, issued a rule on the district attorney to show cause why the private criminal complaints should not be reinstated. The district attorney responded with an answer alleging that his office had conducted an investigation of the charges set forth in the complaints as a result of which he had determined that the complaints should be disapproved. It was alleged in the district attorney's answer that the appellant was thought to have committed possible acts of fraud and deception against the defendants named in the complaints, which acts could have justified the defendants' actions. Attached to the answer was a summary of the results of the investigation. Taking into consideration the district attorney's reasons for disapproving the complaints, the rule was discharged, effectively precluding the reinstatement of appellant's complaints.

Appellant then moved the lower court for a hearing on the matter alleging bad faith on the part of the district

attorney, which motion was denied by an order of the court dated December 9, 1974. The appellant appealed from the first order, dated December 4, 1974, discharging the rule on the district attorney, to this Court.

At the time the complaints were executed, Pa. R. Crim. P. 133(B), concerning private complaints, read in pertinent part:

"1.   When the affiant is not a police officer as defined in Rule 51(C), and the offense charged ... does not involve a clear and present danger to any person or to the community, the complaint shall be submitted to the attorney for the Commonwealth, who shall approve or disapprove without unreasonable delay.

. . .

"3.   If the attorney for the Commonwealth

(i) approved the complaint, he shall indicate his decision on the complaint form and transmit it to the issuing authority.

(ii) disapproved the complaint, he shall state his reasons on the complaint form and return it to the affiant. Thereafter the affiant may file the complaint with a judge of a Court of Common Pleas for approval or disapproval."

Pa. R. Crim. P. 134 requires the issuing authority to ascertain that, when a proceeding has been initiated by private complaint, the complaint is properly executed, there is probable cause for the issuance of process, and that the attorney for the Commonwealth has approved the complaint.[3]

On the basis of these rules, appellant now argues that the district attorney has no power to withdraw approval

---

3.   Upon reviewing Pa. R. Crim. P. 134, it becomes clear that the district magistrate erred when he endorsed the second group of complaints, executed on September 20, 1974, without first requiring the approval of the attorney for the Commonwealth. Therefore, the subsequent disapproval by the public prosecutor was evidently proper under the rule.

previously granted on a complaint after the issuing authority has endorsed it and authorized issuance of process. In considering the extent of the district attorney's power, it is important to bear in mind that the district attorney's function is to represent the Commonwealth in criminal prosecutions. *Commonwealth ex rel. Specter v. Freed,* 424 Pa. 508, 228 A.2d 382 (1967). In the capacity as the Commonwealth's attorney, the district attorney has traditionally fulfilled the obligation of investigation and prosecution of crime by initially evaluating complaints to determine whether a charge should be brought against a suspect. "A District Attorney has a general and widely recognized power to conduct criminal litigation and prosecutions on behalf of the Commonwealth, and to decide whether and when to prosecute, and whether and when to continue or discontinue a case." *Commonwealth v. DiPasquale,* 431 Pa. 536, 540-41, 246 A.2d 430, 432 (1968) (emphasis omitted).

The power granted the district attorney under Rule 133 (B) to approve or disapprove private criminal complaints is consistent with the authority regularly exercised by that office in deciding whether to initiate or to discontinue prosecutions. *Commonwealth v. Ragone,* 317 Pa. 113, 176 A. 454 (1935); *Commonwealth v. Lord,* 230 Pa. Superior Ct. 96, 326 A.2d 455 (1974); Pa. R. Crim. P. 314. The attorney for the Commonwealth is acting in accordance with a recognized duty owed to the people of the Commonwealth in withdrawing approval of a complaint when investigation reveals a lack of legal basis for a prosecution. If that office is to be given the obligation not only of overseeing the prosecution of crime but also determining when charges should be brought, logic and efficiency require that the power to grant approval must be accompanied by the power to withdraw approval when additional facts newly brought to light indicate the wisdom of such a course. In addition, Rule 133 (B) protects the interest of the private complainant by allowing for the

submission of the disapproved complaint to a judge of a court of common pleas. The judge's independent review of the complaint checks and balances the district attorney's decision and further hedges against possibility of error.[4] It is our conclusion, therefore, that the district attorney has the duty to avoid prosecution by withdrawing prior approval given a private criminal complaint when that office is satisfied that such a course would advance the interests of justice.

The bulk of appellant's remaining arguments question the constitutionality of the rule.[5] None of these points

---

4. The A.B.A. Project on Standards for Criminal Justice, *Standards Relating to the Prosecution Function and the Defense Function* §3.4 (Approved Draft, 1971), recommends that the decision to institute criminal proceedings be initially and primarily the responsibility of the prosecutor, the attorney for the Commonwealth. Where a private complainant can institute a criminal action, it is recommended that the complaint be submitted for prior approval to the prosecutor, which is substantially the procedure outlined in Pa. R. Crim. P. 133(B). "There are sound reasons of general policy which argue for the joint screening of cases by both the prosecutor and the magistrate. The prosecutor brings trial experience, continuity in office, and the perspective of his public responsibility to bear on the decision. Beyond this, the sharing of responsibility in the decision whether to prosecute is an important application of 'checks and balances' to the field of prosecution. Where a magistrate has power to issue a warrant on the complaint of a citizen, it is desirable that a public prosecutor either endorse his approval or be afforded a means of recording his reasons for declining prosecution." A.B.A. Project on Standards for Criminal Justice, *Standards Relating to the Prosecution Function and the Defense Function,* comment to §3.4(c) (Approved Draft, 1971).

5. Appellant also argues that he was entitled to a hearing before the court to support his motion for reinstatement of the complaints. Rule 133(B)(3)(ii) simply allows the complainant to file the disapproved complaint with a judge of a court of common pleas for approval or disapproval. The court is not required by this rule to grant a hearing; the additional procedure merely gives the private prosecutor the opportunity to have his complaint re-

were raised at any time prior to this appeal, and we therefore consider them waived. *See Irrera v. Southeastern Pa. Transp. Authority,* 231 Pa. Superior Ct. 508, 331 A.2d 705 (1974); *Commonwealth v. Keppel,* 231 Pa. Superior Ct. 22, 326 A.2d 593 (1974). However, we feel constrained to note that the arguments advanced and the cases cited in support thereof are designed to protect the interests of the defendant who is the object of the criminal procedures. *See, e.g., Commonwealth v. McCants,* 450 Pa. 245, 299 A.2d 283 (1973); *Gordon v. Justice Court for the Yuba Judicial District of Sutter County,* 12 Cal.3d 323, 525 P.2d 72, 115 Cal. Rptr. 632 (1974); *State v. Paulick,* 277 Minn. 140, 151 N.W.2d 591 (1967). The prosecutor needs no such protection since, even as a victim, he has no legitimate interest, other than as a member of the general public, in seeing a violator of the laws brought to justice by the Commonwealth and punished for his misdeeds. If a private prosecutor feels individually harmed his remedy is a civil suit for damages.

Order affirmed.

VAN DER VOORT, J., concurs in the result.

---

viewed following an adverse decision by the district attorney. In this circumstance no hearing should be available as there is no dispute between the private and public prosecutor, and the complainant does not risk the loss of any rights. In bringing his own complaint, he is calling the attention of the attorney for the Commonwealth to an alleged violation of the law, a public wrong done to the people of the Commonwealth. If he fails to convince the public prosecutor in his capacity as representative of the people, or the court, to involve the prosecutorial powers of the Commonwealth to redress what he conceives to be a violation of the law, he has lost nothing.