419 A.2d 591

### COMMONWEALTH of Pennsylvania

v.

### William R. EISEMANN, Donald V. Frederick, Horace T. Hanna, Jr., Alfred C. Hoberman, R. Bruce McCormick, Diane H. Stumpfle, Glenn R. Tweed.

### Appeal of George MILLER, Private Prosecutor.

Superior Court of Pennsylvania.

Submitted June 29, 1979.

Filed April 11, 1980.

544

George Miller, in pro. per.

Martin A. Flayhart, District Attorney, Lock Haven, for Commonwealth, appellee.

Before CERCONE, President Judge, and WIEAND and LOUIK, JJ.*

WIEAND, Judge:

George Miller, appellant herein, was given a place on the agenda for the meeting of the mayor and council of the City of Lock Haven on April 3, 1978, so that he might present his views concerning the hiring and resignation of a former city code enforcement officer. When Miller began to speak, an acrimonious debate ensued between Miller, on the one hand, and the mayor and members of council, on the other. Discussion was thereupon terminated, city officials refused to answer further questions, and council voted not to discuss the subject of the code enforcement officer's employment at any future meeting. Miller subsequently prepared a criminal complaint against the mayor and members of council, charging them with the crime of official oppression in violation of 18 Pa.C.S. § 5301(2).[1] He alleged that the accused

---

* Judge DONALD E. WIEAND is sitting by special designation. Judge MAURICE LOUIK of the Court of Common Pleas of Allegheny County, Pennsylvania, is sitting by designation.

1. The crime of official oppression is defined as follows:
   "A person acting or purporting to act in an official capacity or taking advantage of such actual or purported capacity commits a

defendants, knowing their conduct to be illegal, had denied him his right and privilege to speak. When the complaint was submitted to the District Attorney, as required by Pa.R.Crim.P. 133(B)(1),[2] the complaint was disapproved. Appellant thereafter filed the complaint with a judge of the Court of Common Pleas of Clinton County.[3] A hearing was held thereon,[4] and President Judge Carson V. Brown sustained the District Attorney's action in disapproving the complaint. This appeal followed.

Assuming, without deciding, that appellate review is available from decisions by the District Attorney and a trial judge who refuse to approve a private, criminal complaint,[5] what is the standard which is to be applied in reviewing their decisions? Whether to charge a person with a criminal offense depends upon the exercise of prosecutorial discretion. This discretionary power of the District Attorney in

misdemeanor of the second degree if, knowing that his conduct is illegal, he:

(1) subjects another to arrest, detention, search, seizure, mistreatment, dispossession, assessment, lien or other infringement of personal or property rights; or

(2) denies or impedes another in the exercise or enjoyment of any right, privilege, power or immunity."

2. Pa.R.Crim.P. 133(B)(1) provides as follows:

"When the affiant is not a police officer as defined in Rule 51(C) and the offense(s) charged include(s) a misdemeanor or felony which does not involve a clear and present danger to any person or to the community, the complaint shall be submitted to the attorney for the Commonwealth, who shall approve or disapprove without unreasonable delay."

3. This is permitted by Pa.R.Crim.P. 133(B)(3)(ii).

4. This Court has said that "Rule 133(B)(3)(ii) simply allows the complainant to file the disapproved complaint with a judge of a court of common pleas for approval or disapproval. The court is not required by this rule to grant a hearing; the additional procedure merely gives the private prosecutor the opportunity to have his complaint reviewed following an adverse decision by the district attorney." *Piscanio Appeal*, 235 Pa.Super. 490, 495–96, n.5, 344 A.2d 658, 661, n.5 (1975).

5. The issue of whether a private prosecutor has a right of appeal from the order of the trial judge disapproving his criminal complaint has not been briefed by either party.

determining whether prosecution shall be commenced or maintained may well depend on matters of policy wholly separate and apart from the existence or nonexistence of probable cause. For this reason, the courts have been wary of interfering with or attempting to supervise the District Attorney in the exercise of his discretion in controlling criminal prosecutions. *United States v. Cox*, 342 F.2d 167, 171 (5th Cir. 1965), *cert. denied*, 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700. See also: A.B.A. Standards Relating to the Prosecution Function and the Defense Function § 3.4.

In *Piscanio Appeal*, 235 Pa.Super. 490, 494–96, 344 A.2d 658, 660–62 (1975), this Court said: "The power granted the district attorney under Rule 133(B) to approve or disapprove private criminal complaints is consistent with the authority regularly exercised by that office in deciding whether to initiate or to discontinue prosecutions. . . . In addition, Rule 133(B) protects the interest of the private complainant by allowing for the submission of the disapproved complaint to a judge of a court of common pleas. The judge's independent review of the complaint checks and balances the district attorney's decision and further hedges against possibility of error. . . .

". . . The [private] prosecutor . . . even as a victim . . . has no legitimate interest, other than as a member of the general public, in seeing a violator of the laws brought to justice by the Commonwealth and punished for his misdeeds. If a private prosecutor feels individually harmed his remedy is a civil suit for damages."

It would seem, therefore, that a court should not interfere with the exercise of prosecutorial discretion under Rule 133 unless there has been a gross abuse of discretion. In the instant case, both the District Attorney and Judge Brown were of the opinion that the Commonwealth would not be able to achieve a conviction on the criminal complaint offered by appellant. Each had an obligation to achieve justice; each had a responsibility to prevent the misuse of judicial and prosecutorial personnel in the pursuit of futile convictions. Appellant has not demonstrated that these

decisions involved an abuse of discretion by the District Attorney or by Judge Brown. The decision to disapprove a private criminal complaint, therefore, must be affirmed.

Order affirmed.