**Commonwealth v. Ling**

*Darlee Sill, assistant district attorney,* for the Commonwealth.

*Frederick B. Gieg, Jr.,* for defendants.

SMITH, *J.,* April 21, 1987 — We have before us what our research suggests is a question of first impression in this jurisdiction: Does an error in legal interpretation by the district attorney in disapproving a private criminal complaint warrant the reversal of his decision by a reviewing judge acting pursuant to Pa.R.Crim.P. 133? For the reasons stated below, we hold that such judicial intervention into

the prosecutorial function, without more, is unwarranted.

Community Consumer Discount Company (hereinafter petitioner) has filed a petition for approval of private complaint by a judge of the court of common pleas. We are asked therein to review a determination by the District Attorney of Blair County to disapprove two private prosecutions filed by petitioner which allege violations of 18 Pa.C.S. §3932 (theft of leased property).[1] The criminal complaints separately aver the lease or rental of, in one instance, a new Quasar VCR, and in the other, a new microwave oven, and the subsequent failure of defendants to return the property to petitioner within seven days of a written demand to return it.[2] The disapprovals were predicated upon the "secured

---

1. §3932. Theft of leased property

"(a) Offense defined.—A person who obtains personal property under an agreement for the lease or rental of the property is guilty of theft if he intentionally deals with the property as his own.

(b) Definition.—As used in this section, a person "deals with the property as his own" if he sells, secretes, destroys, converts to his own use or otherwise disposes of the property.

(c) Presumption.—A person shall be prima facie presumed to have intent if he:

(1) signs the lease or rental agreement with a name other than his own and fails to return the property within the time specified in the agreement; or

(2) fails to return the property to its owner within seven days after a written demand to return the property is delivered by registered or certified mail to the person's last known address.

(d) Exception.—This section shall not apply to secured transactions as defined in Title 13 (relating to commercial code). (Emphasis added.)

2. See petitioner's Exhibits 1 and 2.

transactions" exception in the statute. 18 Pa.C.S. §3932(d).[3]

Petitioner contends that it did not retain security interests in the leased property, and that accordingly the district attorney committed a gross abuse of discretion in disapproving the two complaints. We find it unnecessary to reach the issue of whether the district attorney was legally correct in invoking the "secured transactions" exception,[4] since we do not believe that even an incorrect legal interpretation, without more, constitutes a gross abuse of discretion.

The Pennsylvania Rules of Criminal Procedure require that when the affiant is not a police officer and the offense charged is a misdemeanor or felony which does not involve a clear and present danger to any person or to the community, the complaint must be submitted to the attorney for the Commonwealth who shall then approve or disapprove it without unreasonable delay. Pa.R.Crim.P. 133(a). A district attorney is implicitly given a broad grant of authority to approve or disapprove private prosecutions. Statutorily, he is the official charged with the duties to "sign all bills of indictment and conduct in court all criminal and other prosecutions. . . ." Act

3. The first assistant district attorney, in the space provided in the criminal complaint form, indicated upon each: "Fall within Commercial Code and therefore exception to law." This statement is sufficient to invoke 18 Pa.C.S. §3932(d).

4. Even were we to reach this issue, the record as it exists does not provide sufficient evidentiary basis for resolution thereof. Petitioner's Exhibit no. 3, a form copy of a "Rental Agreement," does not provide any specific terms under which the VCR and the microwave oven were leased. As noted infra, however, this does not control our holding in the instant matter.

of July 5, 1957, P.L. 484, §1; 16 P.S. §1402. However, neither the text of Rule 133 nor the comment thereto provide any guidance as to the applicable standard for the exercise of prosecutorial discretion in the approval or disapproval of private criminal complaints.[5]

We begin our analysis, therefore, by restating a principle which is a prosecutorial polestar: the district attorney is a quasi-judicial officer with a duty to seek justice, not just convictions. Commonwealth v. Pfaff, 477 Pa. 461, 384 A.2d 1179 (1978). See also Commonwealth ex rel. Specter v. Martin, 426 Pa. 102, 232 A.2d 729, 736 (1967). Accordingly, the prosecutor is under no compulsion to prosecute every alleged offender, and the decision of whether or not to prosecute is a matter within his discretion, subject only to the review of the court of common pleas. Commonwealth v. Malloy, 304 Pa. Super. 297, 450 A.2d 689, 691-692 (1982).

The extent and scope of the district attorney's authority to initiate and control criminal proceedings has been given considerable breadth by Superior Court:

"In considering the extent of the district attorney's power, it is important to bear in mind that the district attorney's function is to represent the Commonwealth in criminal prosecutions. In the capacity as the Commonwealth's attorney, the district attorney has traditionally fulfilled the obligation of investigation and prosecution of crime by initially evaluating complaints to determine whether a charge should be brought against a suspect. A district attorney has a general and widely recognized power to

---

5. The silence of the rule and comment on this point is understandable since we believe such a standard to be substantive and not procedural in nature.

conduct criminal litigation and prosecutions on behalf of the Commonwealth, and to decide whether and when to prosecute, and whether and when to continue or discontinue a case. In re Petition of Piscanio, 235 Pa.Super. 490, 344 A.2d 658, 660-661 (Citations omitted.)

In exercising his broad discretion, the district attorney may properly take into account policy considerations "wholly separate and apart from the existence or non-existence of probable cause." Commonwealth v. Eisenmann, 276 Pa.Super. 543, 419 A.2d 591, 592 (1980). Such considerations include, inter alia, the relative gravity of the offense, the availability of staff and other prosecutorial resources, the existence of court congestion, and the availability to the complainant of a civil remedy. See United States v. Panya, 381 F. Supp. 1133, 1137 (W.D., Pa. 1974). The district attorney should actually *avoid* prosecution "when that office is satisfied that such a course would advance the interests of justice." Petition of Piscanio, supra, 344 A.2d at 661.

What then is this court's standard for review when petitioned to overturn a prosecutor's decision not to approve a private criminal complaint. Rule 133 states in relevant part:

"(b) If the attorney for the Commonwealth . . .

(2) Disapproves, the attorney shall state the reasons on the complaint form and return it to the affiant. Thereafter the affiant may file the complaint with a judge of a court of common pleas for approval or disapproval [.]"

Our distinguished colleague, the Honorable R. Bruce Brumbaugh, has discussed in a learned opinion the standard which must be applied by the court when a judge is called upon to review a district attorney's disapproval of a private criminal complaint:

"Unlike the Commonwealth attorney in the first instance, the court in its consideration thereafter is not required to give reasons for either approval or disapproval; in fact, there is no mandate that we even grant a hearing. \*\*\* Thus our function in the instant matter is distinguishable from a hearing upon appeal, wherein the court is called upon to receive evidence anew and to exercise its own completely independent judgment. . . . That our right of review is restricted appears in Commonwealth v. Morris, 267 Pa. Super. 379, 381, 406 A.2d 1091, 1092 (1979), quoting with approval Shade v. Com., 394 F.Supp. 1237, 1242 (M.D., Pa. 1975):

" '[W]hile there may be instances in which the courts would be entitled to review the exercise of prosecutorial discretion, such review is limited to circumstances involving the deliberate use of such factors as race, religion, or other suspect classifications. . . . In the absence of such factors, the exercise of prosecutorial discretion does not violate due process or equal protection of-the law.

" 'The criminal law is not a computerized system and discretion . . . is a necessary and inherent part of the criminal justice system. Prosecutorial discretion in law enforcement "is by its very nature exceedingly broad" and such discretion is an essential part of the criminal justice system.' "

The broader the prosecutorial discretion, the narrower must be the right of review thereof, and consequently our involvement is intended as but a guard against its indiscriminate or invidious use. When, as here, hearing is held and evidence received by the court, the applicant must show preponderantly an abuse of such discretion." See, also, United States v. Torquanto, 602 F.2d 564, 568-570 (3d Cir. 1979).

More recently, Superior Court has required a gross abuse of discretion standard, *Commonwealth v. Eisenmann, supra,* 419 A.2d at 593, thereby vesting in the district attorney even broader power to selectively prosecute.

We consider dispositive of the matter before us the declaration of (now President) Judge Cirillo, when he wrote: "[T]he district attorney is permitted to exercise sound discretion to refrain from proceeding in a criminal case whenever he, *in good faith,* thinks that the prosecution would not serve the best interests of the state." *Commonwealth v. Malloy,* 450 A.2d at 692 (Emphasis added.)

Petitioner has neither proven nor alleged bad faith on the part of the district attorney. He does not contend that there is anything "indiscriminate or invidious" about the district attorney's decision-making process. At best, the gravamen of his claim is that the attorney for the Commonwealth has misinterpreted provisions of the Uniform Commercial Code.[6] If such an error of law in fact occurred, it does not constitute bad faith.[7]

Accordingly, the District Attorney of Blair County has not abused his discretion in disapproving the

---

6. Petitioner has argued that the district attorney misreads and misapplies 13 Pa.C.S. §9102(a) and 13 Pa.C.S. §1201 (defining "security interest").

7. We are mindful of the language in *Petition of Piscanio, supra,* 344 A.2d at 661, that "[t]he judge's independent review of the complaint checks and balances the district attorney's decision and further hedges against *possibility of error*." (Emphasis added.) In light of the "good faith" standard enunciated in *Malloy, supra,* and the fact that *Malloy* cites *Piscanio* frequently and with approval, we reconcile these cases by concluding that the term "error" does not include a prosecutor's erroneous interpretation of a statute. Any other conclusion would compel us to determine that *Malloy* has overruled *Piscanio sub silentio.*

two subject criminal complaints, and we enter the following

ORDER

And now this April 21, 1987, it is ordered, directed and decreed that the petition for approval of private complaint by a judge of the court of common pleas is denied and dismissed.