**Petition of Fisher Brothers Textiles**

*Douglas G. Reichley, assistant district attorney*, and *Robert L. Steinberg, district attorney,* for the Commonwealth.

*Lee D. Mescolotto,* for petitioner.

BRENNER, *J.*, October 19, 1992—Fisher Brothers Textiles, through Louis Fisher, has appealed our order which

denied approval of private criminal complaints which it wished to file against Alan Pearlstein and Allied National Trading Co. Inc. Accordingly, we are issuing this opinion pursuant to the provisions of Pennsylvania Rule of Appellate Procedure 1925.

Before turning to the issues raised in Fisher's concise statement of matters complained of on appeal, a review of the facts as gleaned from Fisher's petition and attached exhibits is warranted.[1]

In January of 1990, Fisher requested that the District Attorney's Office of Lehigh County approve a private criminal complaint containing a bad check charge.[2] This request was denied and it was recommended that charges be refiled as theft by deception and criminal conspiracy.

On May 8, 1991, private criminal complaints were executed by Louis Fisher, on behalf of Fisher, against Alan Pearlstein and Allied National Trading Co. Inc. Fisher sought to charge Pearlstein with theft by deception[3] and criminal conspiracy[4] and sought to charge Allied with criminal conspiracy.[5] The complaints allege that Pearlstein, acting in concert with Allied, presented a check "from Somerset Trust Co. of Somerville, New Jersey issued on Allied National Trading Co. Inc. in the amount of $11,486 in exchange for the delivery of 5,743 yards

---

1. We accepted as true the factual averments contained in Fisher's petition when we denied the petition on August 4, 1992.

2. It is unclear against which party or parties Fisher wished to file charges as Fisher's petition sheds no light and the private criminal complaint is not part of the record.

3. 18 Pa.C.S. §3922.

4. 18 Pa.C.S. §903(a)(1)(2).

5. 18 Pa.C.S. §903(a)(1).

more or less of material (234 1/2 being admitted as plaintiff's property), and thereafter did stop payment on said check."

In its petition, Fisher asserts that Pearlstein and Allied acted under the guise of recovering stolen goods on behalf of a third party. Exhibit "C" of Fisher's petition is a letter from Allied to Fisher in which Allied made the following declaration: "As you have been advised, on behalf of Gitman Brothers Shirt Co. Inc. on May 24, we took back goods which had been stolen from Gitman Brothers."

On July 1, 1991, the District Attorney's Office of Lehigh County disapproved the complaints citing adequate civil remedy and prosecutorial discretion.

Fisher then asked the District Attorney's Office to re-evaluate its decision. By letter dated October 3, 1991, assistant district attorney Reichley notified Fisher that the disapproval would not be altered, but did indicate that a "potential factual basis for a bad check charge existed."

Next, in June of 1992, Fisher petitioned the Court of Common Pleas of Lehigh County for approval of the private criminal complaints against Pearlstein and Allied. The matter was then assigned to the undersigned after which a response to the petition was filed by the Commonwealth on July 12, 1992. By order filed August 5, 1992, we denied Fisher's request.

In its concise statement of matters complained of on appeal, Fisher makes the following claims:

"(1) The failure to hold a hearing on said petition which was filed pursuant to Pennsylvania Rule of Criminal

4

Procedure 133(b)(2) renders the Rule a nullity as no factual or legal review is conducted by the court.

"(2) Petitioner, in averment 27, as well as in the other averments set forth in the petition allege [sic] abuse of prosecutorial discretion on the part of the district attorney of Lehigh County which requires a hearing before the court.

"(3) The failure of the court to hold a hearing and approve the criminal complaints filed in this matter, despite the fact that the district attorney of Lehigh County had indicated his reason for disapproving the claim was failure to establish a prima facie case as set forth in Exhibit 'E' of the petition.

"(4) The failure to hold a hearing on the merits despite the fact that in his answer the district attorney of Lehigh County incorrectly cited section 4105 of the Pennsylvania Crimes Code as requiring notice be given (30) days of the issuance of the check. This simply is not the Law in the Commonwealth of Pennsylvania. The applicable notice to the defendant to make good within ten days was issued by petitioner. Therefore, at a minimum the crime of the bad check was in fact established by petitioner, and no basis existed for the refusal to prosecute.

"(5) The failure to consider the fact that the theft in this matter was considerable and that the District Attorney's Office of Lehigh County did not credibly investigate, despite the fact that adequate information was provided by petitioner, which action constitutes abuse of prosecutorial discretion.

"(6) That the actual basis for failure to prosecute this matter was not prosecutorial discretion, but that the district

attorney of Lehigh County apparently determined that no prima facie case existed on the bad check or theft by deception charges. Accordingly, the court must hold a hearing on said petition.

"(7) The failure to give the petitioner an opportunity to rebut the factual allegations made by the district attorney of Lehigh County in paragraphs 2 and 3 of the Commonwealth's response to petition for review of private criminal complaint refusal, which factual allegations were inaccurate, incorrect and unsupported by any credible evidence and have nothing to do with whether a crime was committed and whether prosecution should be initiated." Fisher's concise statement of matters complained of on appeal filed September 15, 1992.

The starting point of our analysis is the Pennsylvania Rule of Criminal Procedure under which Fisher sought to initiate criminal proceedings: Rule 133. This rule governs the approval of private criminal complaints and reads, in pertinent part, as follows:

"(a) When the affiant is not a law enforcement officer and the offense(s) charged include(s) a misdemeanor or felony which does not involve a clear and present danger to any person or to the community, the complaint shall be submitted to any attorney for the Commonwealth, who shall approve or disapprove without unreasonable delay.

"(b) If the attorney for the Commonwealth;

"(2) Disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the affiant. Thereafter the affiant may file the complaint with

a judge of a Court of Common Pleas for approval or disapproval."

Under this rule, a private criminal complaint must first be submitted to the district attorney, who can either approve or disapprove it.

Generally, the district attorney is the one "who shall sign all bills of indictment and conduct in court all criminal and other prosecutions, in the name of the Commonwealth...." 16 P.S. §1402. The power of the district attorney to control all criminal proceedings is summarized in the seminal case of *Piscanio Appeal,* 235 Pa. Super. 490, 344 A.2d 658 (1975).

"In considering the extent of the district attorney's power, it is important to bear in mind that the district attorney's function is to represent the Commonwealth in criminal prosecutions.... In the capacity as the Commonwealth's attorney, the district attorney has traditionally fulfilled the obligation of investigation and prosecution of crime by initially evaluating complaints to determine whether a charge should be brought against a suspect. 'A district attorney has a general and widely recognized power to conduct criminal litigation and prosecutions on behalf of the Commonwealth and to decide whether and when to prosecute, and whether and when to continue or discontinue a case.'" *Id.* at 494, 344 A.2d at 660. (citations omitted)

We also note that a prosecutor is under no compulsion to prosecute every alleged offender and the decision whether or not to prosecute is a matter within his or

her discretion. *Commonwealth v. Malloy,* 304 Pa. Super. 297, 302, 450 A.2d 689, 691-692 (1982). The determination whether prosecution shall be commenced or maintained may well depend upon matters of policy entirely separate and apart from the existence or nonexistence of probable cause. *Commonwealth v. Eisemann,* 276 Pa. Super. 545, 546, 419 A.2d 591, 592 (1980).

The power granted a district attorney under Rule 133(B) to approve or disapprove private criminal complaints is consistent with the general authority to decide whether to initiate or discontinue prosecutions. *Piscanio* at 494, 344 A.2d at 660. Though a victim may seek a complaint against an alleged criminal, it is the district attorney who is responsible for investigating and prosecuting any complaint which he or she approves. *Malloy* at 302, 450 A.2d at 691. A private prosecutor, even if a victim, "has no legitimate interest, other than as a member of the general public in seeing a violator of the laws brought to justice by the Commonwealth and punished for his misdeeds." *Piscanio* at 496, 344 A.2d at 661.

According to Rule 133(B)(3)(ii), if the district attorney disapproves the private criminal complaint, the disappointed affiant may file the complaint with a judge of a Court of Common Pleas for approval or disapproval. A judge's independent review of the complaint serves as a check and balance of the district attorney's decision and protects against the possibility of error. *Commonwealth v. Pritchard,* 408 Pa. Super. 221, 233, 596 A.2d 827, 833 (1991), citing *Piscanio* at 492-496, 344 A.2d

at 660-662. In its independent review, the trial court should not interfere with the exercise of prosecutorial discretion unless there has been a gross abuse of discretion. *Id.*, citing *In re Wood*, 333 Pa. Super. 597, 601, 482 A.2d 1033, 1036 (1984); *Eisemann* at 546, 419 A.2d at 593.

We now turn to Fisher's contentions with these principles in mind. Fisher begins by asserting that our decision not to hold a hearing on the petition renders Rule 133 a nullity. Such an assertion is clearly contrary to well established case law. As the Superior Court has stated:

"Rule 133(B)(3)(ii) simply allows the complainant to file the disapproved complaint with a judge of a court of common pleas for approval or disapproval. The court is not required by this rule to grant a hearing; the additional procedure merely gives the private prosecutor the opportunity to have his complaint reviewed following an adverse decision by the district attorney." *Piscanio* at 495-496, 344 A.2d at 661, n.5. See also, *Eisemann* at 545, 419 A.2d 592, n.4; *Wood* at 601, 482 A.2d at 1036, n.3.

Next, Fisher believes it was entitled to a hearing because of the allegation that there was an abuse of prosecutorial discretion on the part of the District Attorney's Office of Lehigh County.

A district attorney's decision should not be interfered with absent a gross abuse of discretion. As Judge Spaeth stated in his concurring and dissenting opinion in *Com-*

*monwealth v. Muroski,* 352 Pa. Super. 15, 506 A.2d 1312 (1986):

"Obviously, what constitutes a gross abuse of discretion cannot be stated by a simple formula. Everything will depend on the particular facts of the case and the district attorney's articulated reasons for acting, or failing to act, in the particular circumstances. For example, a court may find a gross abuse of discretion in a district attorney's pattern of discriminatory prosecution,... or in retaliatory prosecutions based on personal or other impermissible motives.... Similarly a district attorney may be found to have grossly abused his discretion for his blanket refusal to prosecute for violations of a particular statute,... or for refusing to prosecute solely because the accused is a public official." *Id.* at 32-33, 506 A.2d at 1322-1323. (citations omitted)

Nowhere in Fisher's petition is a gross abuse of discretion alleged nor are facts averred which could constitute a gross abuse of discretion. Accordingly, a hearing was not required nor was one necessary.

Fisher also complains that the District Attorney's Office disapproved its claims due to the failure to establish a prima facie case. Fisher claims that this is supported by Exhibit "E" of the petition, a letter from the Commonwealth attorney to counsel for Fisher.

While the District Attorney's Office may have believed a prima facie case could not be established, this was not the basis upon which the complaints were disapproved. It is clearly indicated on the two complaints that they

were disapproved by the District Attorney's Office on the grounds of adequate civil remedy and prosecutorial discretion. While a hearing may have been required if the disapproval was based on the grounds of insufficient evidence, *Commonwealth v. Benz,* 523 Pa. 203, 565 A.2d 764 (1989), it is clear that none is required when prosecutorial discretion is involved and no gross abuse of discretion is alleged.

The same reasoning applies to the fourth claim raised by Fisher; that a hearing should have been held because the District Attorney's Office incorrectly cited section 4105 of the Pennsylvania Crimes Code. In addition, even if section 4105 was incorrectly cited, Fisher was not seeking court approval of bad check charges. The complaints submitted to this court charged Pearlstein with theft by deception and criminal conspiracy and charged Allied with criminal conspiracy. If Fisher wished to have the bad check charges reviewed by this court, it should have done so when they were disapproved by the District Attorney's Office.

Fisher also claims that the District Attorney's Office abused prosecutorial discretion by failing to consider that the alleged theft was considerable in nature and by failing to credibly investigate the alleged theft. These claims are without merit as they were not raised in Fisher's petition. Accordingly, this issue was not before the court when we denied Fisher's petition on August 4, 1992.

The sixth matter complained of on appeal by Fisher is very similar to the third matter in that Fisher asserts that the District Attorney's Office based its decision not

to prosecute upon the determination that a prima facie case did not exist for the bad check or theft by deception charges. As to the bad check charge, the disapproval by the District Attorney's Office was not properly before us. Regarding the theft by deception, we have already indicated that the record is clear that disapproval of the charge against Pearlstein was based upon adequate civil remedy and prosecutorial discretion.

Fisher's last claim is that a hearing should have been held so that it could respond to the factual allegations contained in the district attorney's response to Fisher's petition. We disagree for two reasons. As stated earlier, Rule 133(B) does not require that a hearing be held. In addition, in ruling on Fisher's petition, we accepted as true the factual averments contained within it.

As a final note, the Superior Court in Malloy aptly stated:

"It is a well-settled principle of law that a crime is an offense against the sovereignty, a wrong which the government deems injurious not only to the victim but to the public at large, and which it punishes through a judicial proceeding in the Commonwealth's name.... Though the same wrongful act may constitute both a crime and a tort, the tort is a private injury which is to be pursued by the injured party.... Criminal prosecutions are not to settle private grievances but are to rectify the injury done to the Commonwealth. The individual who is the victim of a crime only has recourse in a civil action for damages." *Id.* at 301, 450 A.2d at 691. (citations and footnote omitted)

It is this court's opinion that Fisher is essentially seeking to settle a private grievance through a judicial proceeding in the Commonwealth's name.

The district attorney is a constitutional officer and is the chief law enforcement officer in the county. He acts under the highest ethical duty. His is the responsibility to disclose freely and willingly any evidence favorable to the defendant and to prosecute vigorously to a fair and just disposition. In order to meet and fulfill this constitutional responsibility, the district attorney is vested with broad discretion. Absent specific allegations of gross abuse of this discretion, this court will not intervene.

For these reasons, we did not approve Fisher's private criminal complaints against Pearlstein and Allied.