636 A.2d 164

**COMMONWEALTH of Pennsylvania,**

v.

**Donald JURY.**

**Appeal of Richard M. HEBERLING, Appellant. (Two Cases)**

**COMMONWEALTH of Pennsylvania,**

v.

**Donald CUTLER.**

Superior Court of Pennsylvania.

Argued March 24, 1993.

Filed Nov. 9, 1993.

130

Richard M. Heberling, pro se.

Fredric J. Ammerman, Dist. Atty., Clearfield, for Com., appellee.

Before BECK, KELLY, and HOFFMAN, JJ.

KELLY, Judge:

This appeal asks us to determine whether the district attorney applied the proper standard in assessing and disapproving appellant's, Richard M. Heberling's, private criminal complaints and whether the trial court properly found that the district attorney's handling of this matter was free from any impermissible conflict of interest. Appellant's private criminal complaints alleged a host of criminal offenses against two police officers in connection with their testimony for the Commonwealth against appellant's wife, Mrs. Heberling, before a jury that convicted her on charges of resisting arrest. After a careful review of the pertinent law as applied to the facts herein, we affirm the disapproval of appellant's private criminal complaints and agree that the district attorney's

disposition of the matter was free from any impermissible conflict of interest.

We preface our reasoning with this summary of the relevant facts and procedural history. On December 7, 1990, Mrs. Heberling went to trial before a jury on the charge of resisting arrest. Trooper Jury filed the charge against Mrs. Heberling and testified at trial. Police Chief Cutler also testified for the Commonwealth at the trial, concerning Mrs. Heberling's conduct on February 22, 1990 which gave rise to the criminal charge of resisting arrest. The jury found Mrs. Heberling guilty as charged.

The relevant facts from Mrs. Heberling's arrest, trial and conviction, relative to the instant proceedings, are as follows. Trooper Jury pulled Mrs. Heberling's vehicle over to the side of the road on July 19, 1988. Trooper Jury proceeded to give Mrs. Heberling a citation for failing to have a valid registration for the 1985 Dodge van she was driving. Mrs. Heberling subsequently failed to pay the fines and costs associated with the July 19, 1988 citation. Due to this omission, the Office of the District Justice William Daisher issued a warrant for Mrs. Heberling's arrest. Trooper Jury stopped Mrs. Heberling on February 22, 1990 for the purpose of serving the warrant. Chief Cutler assisted Trooper Jury at the scene. On February 26, 1990, Trooper Jury filed a charge of resisting arrest [1] against Mrs. Heberling for her flight on February 22, 1990, alleging that Mrs. Heberling left the scene in a manner creating a substantial risk of bodily injury to Trooper Jury.

On March 29, 1990, the district justice heard testimony by Trooper Jury and defense witnesses at a summary hearing. After reviewing the evidence, the district justice found probable cause to require Mrs. Heberling to stand trial on the charge of resisting arrest. On December 7, 1990, Mrs. Heber-

---

1. 18 Pa.C.S.A. § 5104

**Resisting arrest or other law enforcement**

A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance.

ling was tried before a jury, which, after hearing all the evidence presented by the Commonwealth and the defense, returned a guilty verdict.

Subsequent to Mrs. Heberling's trial and conviction, appellant, Mrs. Heberling's spouse, filed private criminal complaints against Trooper Jury and Chief Cutler, alleging misconduct on the part of the officers as related to Mrs. Heberling's trial and conviction. The allegations of misconduct included "Perjury, False Swearing, Unsworn Falsification to Authorities, False Reports to Law Enforcement, Obstructing Administration of Law, Official Oppression, Tampering with Public Records and Criminal Conspiracy." Appellant's Brief at vi. Specifically, the alleged misconduct centered around disputed testimony concerning the orientation of the two police cruisers and Mrs. Heberling's vehicle relative to the roadway when Officer Jury attempted to serve the arrest warrant on February 22, 1990. At trial, these two police officers testified that Mrs. Heberling's vehicle was perpendicular to and facing away from the roadway, so that she had to make a sharp u-turn in order to reenter the street. Mrs. Heberling's testimony, echoed by one eyewitness for the defense, asserted that her vehicle was parallel to the roadway. Based on this discrepancy in the testimony of the parties' witnesses, appellant attempted to file his private criminal complaint against the officers.

By letter dated March 4, 1992, the district attorney disapproved appellant's private complaints. The district attorney's disapproval was supported by the credibility and fact determinations made at the jury trial, coupled with the assessment that the Commonwealth could not, with the evidence asserted by appellant, prove its case beyond a reasonable doubt.

Following disapproval by the district attorney, appellant filed his complaints with the trial court seeking a review of the district attorney's disapproval of the complaints pursuant to Pa.R.Crim.P. 133(b)(2). Appellant also sought a court determination of whether the district attorney's involvement in the approval process represented an impermissible conflict of interest. After the judges of the Court of Common Pleas of Clearfield County disqualified themselves from the review

process, the Honorable Keith B. Quigley of Perry County specially presided over the review process and concluded that there was no gross abuse of discretion or conflict of interest present in the district attorney's disapproval. Accordingly, the disapproval of appellant's private criminal complaints was affirmed. This timely appeal followed.[2]

The proper procedure for seeking approval of private criminal complaints is set forth in Pa.R.Crim.P. 133 as follows:

(a) When the affiant is not a law enforcement officer and the offense(s) charged include(s) a misdemeanor or felony which does not involve a clear and present danger to any person or to the community, the complaint shall be submitted to an attorney for the Commonwealth, who shall approve or disapprove without unreasonable delay.

(b) If the attorney for the Commonwealth

(1) Approves the complaint, the attorney shall indicate this decision on the complaint form and transmit it to the issuing authority;

(2) Disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the affiant. Thereafter the affiant may file the complaint with a judge of a Court of Common Pleas for approval or disapproval;

(3) Does not approve or disapprove within a reasonable period of time, the affiant may file the complaint on a separate form with the issuing authority, noting thereon that a complaint is pending before an attorney for the Commonwealth. The issuing authority shall determine whether a reasonable period has elapsed, and when ap-

---

**2.** *See In re Wood,* 333 Pa.Super. 597, 482 A.2d 1033 (1984) (holding that a private person has standing to appeal where the district attorney disapproves the private criminal complaint and that decision is reviewed by a Court of Common Pleas, pursuant to Pa.R.Crim.P. 133(B)(3)(ii), adversely to the private complainant); *accord Commonwealth v. Muroski,* 352 Pa.Super. 15, 506 A.2d 1312 (1986) *(en banc).* *Compare Commonwealth v. Malloy,* 304 Pa.Super. 297, 450 A.2d 689 (1982) (holding that the victim of an alleged crime lacks the authority and power to appeal, without the consent of the district attorney, a judicial determination dismissing a complaint for failure of the prosecution to establish at trial a *prima facie* case).

propriate, shall defer action to allow the attorney for the Commonwealth an additional period of time to respond.

 In determining whether to approve or disapprove a private criminal complaint, the district attorney may rely on either a legal assessment of the complaint, or wholly discretionary matters of policy. *Commonwealth v. Benz* 523 Pa. 203, 565 A.2d 764 (1989). When the district attorney rests the disapproval of a private criminal complaint on wholly discretionary matters of policy, this Court will not disturb that determination, absent a gross abuse of discretion. *Commonwealth v. Pritchard,* 408 Pa.Super. 221, 596 A.2d 827 (1991). *See also In re Wood,* 333 Pa.Super. 597, 602, 482 A.2d 1033, 1036 (1984) (quoting *Commonwealth v. Eisemann,* 276 Pa.Super. 543, 419 A.2d 591 (1980)) (prosecutorial discretion may depend on policy matters wholly apart from the existence or non-existence of probable cause; courts are wary of supervising exercise of such discretion). When the district attorney bases a dismissal solely on a lack of evidence, however, this Court will apply a *de novo* standard of review because such a decision is not entitled to the same deference afforded a policy decision not to prosecute, even where a *prima facie* case exists. *Commonwealth v. Benz, supra,* 523 Pa. at 208 n. 4, 565 A.2d at 767 n. 4. The special deference extended to a policy decision not to prosecute arises from the deference accorded the discretionary use of executive powers conferred in the district attorney. *Id.* The power to approve or disapprove private criminal complaints granted under Pa.R.Crim.P. 133 to the district attorney is consistent with the authority which that office regularly exercises in deciding to initiate or discontinue prosecutions. *In re Petition of Piscanio,* 235 Pa.Super. 490, 494, 344 A.2d 658, 660 (1975). The requirements for the issuance of process pursuant to a criminal complaint are provided in Pa.R.Crim.P. 134.

(1) The complaint has been properly completed and executed;

(2) There is *probable cause* for the issuance of process, in the form of an affidavit; and

(3) When prior submission to an attorney for the Commonwealth is required, that an attorney has approved the complaint.

Appellant's first assertion, that the district attorney applied the wrong standard when reviewing appellant's private criminal complaints, warrants consideration. The district attorney stated that the appellant's complaints fell short of establishing sufficient evidence to prove his allegations beyond a reasonable doubt. Appellant maintains, however, that the district attorney must view the evidence provided according to a "probable cause"[3] standard.

■■■ If the Commonwealth intends to proceed with prosecution, it must produce evidence enough to establish at least a *prima facie*[4] case that a crime has been committed and that the accused is probably the perpetrator. *Commonwealth v. Wojdak*, 502 Pa. 359, 466 A.2d 991 (1983); *Commonwealth v. Mullen*, 460 Pa. 336, 333 A.2d 755 (1975); *Commonwealth v. Harvin*, 346 Pa.Super. 575, 500 A.2d 98 (1985). However, the ultimate determination of the sufficiency of that evidence is a trial court judgment at which time the trier of fact reviews the record facts to ascertain whether and to what extent the prosecution has satisfied its "beyond a reasonable doubt" burden of persuasion.[5] *Commonwealth v. Shaver*, 501 Pa. 167,

**3.** Probable cause is defined as:

Reasonable cause; having more evidence for than against. A reasonable ground for belief in the existence of facts warranting the proceedings complained of. An apparent state of facts found to exist upon reasonable inquiry (that is, such inquiry as the given case renders convenient and proper), which would induce a reasonable intelligent and prudent man to believe, in a criminal case, that the accused person had committed the crime charged, or *in a civil case, that a cause of action existed.*

Black's Law Dictionary, 5th Ed. (1979).

**4.** "A *prima facie* case consists of sufficient evidence in the type of case to get plaintiff past a motion for directed verdict in a jury case or motion to dismiss in a nonjury case." Black's Law Dictionary, 4th Ed. (1979).

**5.** The term "burden of proof" encompasses two separate burdens; the burden of producing satisfactory evidence of a particular fact in issue; and (2) the burden of persuading the trier of fact that the fact alleged is indeed true. McCormick on Evidence § 336 at 425–26 (4th Ed.1992).

460 A.2d 742 (1983). The pretrial process, on the contrary, requires the application of what is known in criminal law as the probable cause standard or a *prima facie* standard. *See* Pa.R.Crim.P. 134; *Commonwealth v. Harvin, supra* (Commonwealth has burden to establish a *prima facie* case at the preliminary hearing but need not prove accused's guilt beyond a reasonable doubt in order to bind accused over for prosecution).

■ Instantly, the district attorney of Clearfield County stated in his Disapproval Statement pursuant to Pa.R.Crim.P. 133: "Accordingly, the allegations by the affiant cannot be proven beyond a reasonable doubt and are hereby disapproved pursuant to Rule 133." In so stating, the district attorney applied an inappropriate legal standard to this aspect of the pretrial process. This standard as applied would require private complainants to prove their cases to the district attorney, where, in fact, the complaint need only aver evidence sufficient to mount a *prima facie* case. Accordingly, we conclude that the proper standard to be applied when reviewing private criminal complaints is whether the complaint establishes a *prima facie* case on all the elements of the charge contained in the complaint. Moreover, because the district attorney exercised a legal judgment, we are required to review the appropriateness of his decision. *See Commonwealth v. Benz, supra,* 523 Pa. at 208–09, 565 A.2d at 767–68 (where the Commonwealth decides not to prosecute for lack of evidence sufficient to establish a *prima facie* case, the court is required to review the appropriateness of that decision, and such a review of that legal judgment is not an intrusion upon prosecutorial discretion).

■ Appellant asserts that the proposed testimony of a second eyewitness would corroborate the trial testimony for the defense that Mrs. Heberling's vehicle was indeed parallel to the roadway during the February 20, 1990 incident. The thrust of appellant's complaint is that the police officer's

In a criminal trial, the prosecution has the burden of persuading the fact finder of the criminal defendant's guilt beyond a reasonable doubt. *Id.* § 341 at 445.

testimony at Mrs. Heberling's trial was inconsistent with the defense witnesses' testimony. The proposed testimony of a second eyewitness, concludes appellant, establishes a *prima facie* case against the police officers on each of the eight offenses charged [6] in his private criminal complaint. We disagree for the following reasons.

**6.** The affiant requested that a warrant of arrest be issued for the police officers on the following charges:

18 Pa.C.S.A. § 4902 (Perjury)

**(a) Offense defined.**—A person is guilty of perjury, a felony of the third degree, if in any official proceeding he makes a false statement under oath or equivalent affirmation, or swears or affirms the truth of a statement previously made, when the statement is material and he does not believe it to be true. . . .

18 Pa.C.S.A. § 4903 (False swearing)

**(a) False swearing in official matters.**—A person who makes a false statement under oath or equivalent affirmation, or swears or affirms the truth of such a statement previously made, when he does not believe the statement to be true is guilty of a misdemeanor of the second degree if:

(1) the falsification occurs in an official proceeding. . . .

18 Pa.C.S.A. § 4904 (Unsworn falsification to authorities)

**(a) In general.**—A person commits a misdemeanor of the second degree if, with intent to mislead a public servant in performing his official function, he:

(1) makes any written false statement which he does not believe to be true; . . . .

18 Pa.C.S.A. § 4906 (False reports to law enforcement authorities)

**(a) Falsely incriminating another.**—A person who knowingly gives false information to any law enforcement officer with intent to implicate another commits a misdemeanor of the second degree.

**(b) Fictitious reports.**—A person commits a misdemeanor of the third degree if he:

(1) reports to law enforcement authorities an offense or other incident within their concern knowing that it did not occur; or. . . .

18 Pa.C.S.A. § 5101 (Obstructing administration of law . . .)

A person commits a misdemeanor of the second degree if he intentionally obstructs, impairs or perverts the administration of law or other governmental function by force, violence, physical interference or obstacle, breach of official duty, or any other unlawful act, except that this section does not apply to flight by a person charged with crime, refusal to submit to arrest, failure to perform a legal duty other than an official duty, or any other means of avoiding compliance with law without affirmative interference with governmental functions.

18 Pa.C.S.A. § 5301 (Official oppression)

A person acting or purporting to act in an official capacity or taking advantage of such actual or purported capacity commits a misde-

■ First, the trier of fact is to resolve any existing inconsistencies and can believe all, part, or none of the testimony presented. *Commonwealth v. Curry,* 318 Pa.Super. 490, 465 A.2d 660 (1983). The jury already heard the substance of appellant's proposed witness' testimony. Having already weighed the evidence appellant asserts in support of his private complaint, the jury reached the conclusion that Mrs. Heberling resisted an arrest. Because the weight accorded the evidence by a jury is not a matter of mathematical precision, the fact that one more person can say that Mrs. Heberling's van was parallel to the roadway does not necessarily invalidate the jury's findings of credibility.

■ Second, a collateral attack on a fact finder's credibility determination is not warranted unless the additional evidence asserted (1) was not discoverable at the time of the credibility determination, (2) is not merely for cumulative or impeachment purposes, and (3) the new evidence compels a different outcome. *Commonwealth v. Chambers,* 528 Pa. 558, 599 A.2d 630 (1991), *certiorari denied,* —— U.S. ——, 112 S.Ct. 2290, 119 L.Ed.2d 214 (1992). Analogously, the proposed testimony herein was available to the defense at Mrs. Heberling's trial but was not utilized. Moreover, the proposed testimony asserts nothing that the jury did not already hear. Finally, the proposed testimony does not necessarily compel a different result, nor does the evidence in the appellant's complaint raise even an inference that the jury's verdict was pure speculation.

meanor of the second degree if, knowing that his conduct is illegal, he:

(1) subjects another to arrest, detention, search, seizure, mistreatment, dispossession, assessment, lien or other infringement of personal or property rights; . . . .

18 Pa.C.S.A. § 903 (Criminal conspiracy)

(a) **Definition of conspiracy.**—A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:

(1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

(2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime. . . .

(6 Counts.)

Therefore, we conclude that, based on the proposed testimony which is merely cumulative of that testimony heard at trial, appellant has not established even a *prima facie* case on the charges alleged against the police officers. *See Commonwealth v. Muroski*, 352 Pa.Super. 15, 506 A.2d 1312 (1986) (*en banc*) (a private complainant's duty is to provide the district attorney with enough facts to enable an informed decision on whether to commence criminal action). Appellant's allegations of collusion, conspiracy and false swearing require more factual support than what he has offered by way of legal conclusions. Accordingly, we agree with the district attorney's final decision to disapprove appellant's private criminal complaints and hold that the Court of Common Pleas correctly affirmed that disapproval.

Appellant's final contention rests in the assertion that the handling of this matter by the district attorney of Clearfield County constituted an impermissible conflict of interest. His complaints, avers appellant, should not have been reviewed by the district attorney or any member of his staff for two reasons. First, the district attorney's involvement in the criminal prosecution giving rise to the filing of appellant's private criminal complaints should bar involvement in the review process of those complaints. Second, another member of the district attorney's office appeared for the Commonwealth at an evidentiary hearing associated with the appeal of the original criminal case against Mrs. Heberling. Appellant concludes that the district attorney's office is, therefore, involved in the representation of parties adverse to appellant and is not in a proper position to approve or disapprove charges arising from the original criminal case.

The Commonwealth is the party plaintiff in a criminal prosecution. *Commonwealth v. Malloy*, 304 Pa.Super. 297, 450 A.2d 689 (1982). The district attorney's function is to represent the Commonwealth in these proceedings. *Id.* at 302–03, 450 A.2d at 692. It is in the capacity as the Commonwealth's attorney that the district attorney fulfills the obligation to investigate and prosecute crime. *In re Petition*

*of Piscanio, supra,* 235 Pa.Super. at 494, 344 A.2d at 660. The district attorney executes his duty of evaluating complaints to determine whether and when to prosecute, continue or discontinue a case, in the name of the Commonwealth, not the victim. *Id.; Commonwealth v. Malloy, supra,* 304 Pa.Super. at 301, 450 A.2d at 693.

Instantly, appellant relies on Rules 1.7 and 1.9 of the ABA Model Rules of Professional Conduct which in pertinent part forbid the representation of adverse client interests. The impermissible conflict of interest which appellant asserts arises from appellant's misperception that the district attorney represented the police officers in the original criminal case against Mrs. Heberling involving the charge of resisting arrest. The police officers, however, were witnesses for the prosecution of Mrs. Heberling, not clients of the district attorney. As such, the district attorney cannot be said to have engaged in the representation of adverse client interests under either Rule 1.7 or 1.9. Had appellant presented sufficient facts to demonstrate that the police officers' testimony was false on a material matter and that the officers knew or believed that their statements were false when made under oath, the Commonwealth's attorney could reasonably proceed with an action against the officers without giving rise to an impermissible conflict of interest. So too, may the Commonwealth's attorney refuse to proceed against these officers where the appellant proffered only cumulative evidence which shed no light on the matter alleged.

The district attorney and the trial court have a responsibility to prevent the misuse of prosecutorial and judicial resources. *In re Wood, supra,* 333 Pa.Super. at 603, 482 A.2d at 1037 (quoting *Commonwealth v. Eisemann, supra,* 276 Pa.Super. at 546–47, 419 A.2d at 593). Where, as here, a trial determination on the credibility of the witnesses has already occurred, appellant cannot be permitted to rely on proffered testimony, which was available at that trial, to engage in a futile attempt to disturb those credibility findings.

 In this Commonwealth, the district attorney enjoys wide latitude when deciding whether to disapprove a private criminal complaint, and may do so for policy reasons wholly apart from a preliminary assessment of the evidence. Even though a *prima facie* case may exist on the face of the complaint, the district attorney is not bound to prosecute, and may, in a proper exercise of discretion, still disapprove the complaint wholly for policy reasons. Such a policy decision is subject only to an abuse of discretion standard by the reviewing court. *See Commonwealth v. Benz, supra; Commonwealth v. Pritchard, supra.* Where, as here, the district attorney's disapproval is based on a legal assessment of the evidence contained in the complaint, the appropriate *legal* standard for assessing that evidence is whether enough facts are alleged in the complaint to establish a *prima facie* case on the charges contained therein and not whether the facts set forth can be proven beyond a reasonable doubt. We conclude that the disapproval of appellant's complaints by the district attorney and the Court of Common Pleas was correct to the extent that the facts alleged in the complaint did not establish a *prima facie* case. Finally, as the district attorney represents the Commonwealth in criminal prosecutions, no impermissible conflict of interest arose as a result of the district attorney's exercise of his duty to review the criminal complaints in this case. Accordingly, we affirm the disapproval of appellant's private criminal complaints.

Orders affirmed.