## Commonwealth ex rel. Buckley v. Brown

*Barry L. Smith,* for Buckley.
*Paul von Geis, senior deputy atty. general,* for Commonwealth.

WOLFE, *P.J.,* December 30, 1993—

### HISTORY OF THE CASE

Jay William Buckley was charged by the Commonwealth with the kidnapping, rape and criminal homicide in the death of Kathy Wilson.

The essence of the charge against Buckley was that he, together with the defendant Michael Reuben Brown, kidnapped Kathy Wilson from the State of New York, drove her in a van to Warren County, Pennsylvania, where, according to Brown's testimony for the Commonwealth, Brown witnessed Buckley perform intercourse upon the victim and thereafter stabbed her to death.

A reward of $25,000 was offered by the authorities, and a $1,000 reward made by "Crimestoppers" for evidence leading to the arrest of the person responsible for the death of the victim. Brown, residing at Falconer, New York, then 16 years of age, informed the authorities in New York he had such knowledge. Brown's bid

for the reward led the Commonwealth to surreptitiously send a stretch limosine to Jamestown, New York, to bring him to Pennsylvania to receive the reward; instead, upon arrival Brown was charged with criminal homicide with Buckley.

Eventually, Brown turned state's witness for the Commonwealth as its chief source of "eye evidence" as to Buckley's conduct.

A jury was selected in Beaver County and transported to Warren County. During a four-week trial Brown admitted on cross-examination over 700 times that he had committed perjury or made falsifications as to his role with the defendant Buckley. The jury took approximately six hours to acquit Buckley of all charges.

Based on Brown's plea of guilty as an accomplice, the court sentenced him, now 18 years of age, to a minimum of four years to a maximum of eight years in a state institution. Brown thereafter secured private counsel and filed a motion for withdrawal of his guilty plea, advancing as his defense that he was coached by the Commonwealth personnel, to-wit, Trooper John Herzog and District Attorney Joseph Massa, Jr., as to his testimony and that accounted for his inability to have a vivid recollection throughout his testimony and prior written statements he had given the police, both in New York State and Pennsylvania, until he finally had the testimony as the Commonwealth desired it. We granted the motion and vacated the sentence; however, the Commonwealth immediately dismissed all charges against Brown and sent him back to his home in New York State.

Jay William Buckley, obviously being somewhat disturbed by the Commonwealth's conduct in failing to bring Brown to trial on his admitted numerous perjuries, filed a private complaint alleging therein three counts

of perjury, one count of making false reports to law enforcement agencies, one count of tampering with or fabricating physical evidence, hindering apprehension or prosecution, obstructing the administration of law or other governmental functions, committing unsworn falsification to authorities, and one count of criminal conspiracy.

The ninth count alleging criminal conspiracy alleges that the defendant (Brown) did, from on or about October 8, 1989, to June 6, 1991, conspire with John Herzog and Joseph A. Massa, Jr., to commit the crime of perjury at the preliminary hearing and subsequent trial of Jay William Buckley in that he agreed with one or both of said individuals to engage in criminal conduct and proceeded to commit said act not renouncing or abandoning same until the crime was completed. This is in violation of Title 18, section 903 of the Pa. Crimes Code.

The District Attorney, Mr. Massa, turned the criminal complaint over to Ernest D. Preate, Jr., Attorney General of the Commonwealth of Pennsylvania, for review. The complaint was filed on November 21, 1991, and finally on July 26, 1993, a senior deputy attorney general, Paul E. von Geis, Jr., Esquire, filed a seven-page report declining on behalf of the Commonwealth to prosecute and stated therein the following reasons:

"(1) There is no credible proof of a criminal conspiracy and the available evidence tends to negate any conspiratorial accord.

"(2) Mr. Brown's conflicting accounts were pattently obvious to everyone and rather than prejudicing Mr. Buckley, they aided his defense and substantially contributed to his acquittal.

"(3) The trial resulting from this complaint, if this complaint were approved, would consume substantially more court time and resources.

"(4) Furthermore, Mr. Brown already has been incarcerated for two years for a crime of which he now claims he is innocent."

The report thereafter focuses entirely on the single count of conspiracy in the private complaint and does not discuss in any detail why the Commonwealth is reluctant to pursue Buckley's cause against Brown on the eight counts of criminal conduct of which Brown readily admits.

The court scheduled December 30, 1993, for argument on the Commonwealth's refusal to prosecute. On December 28, 1993, the Commonwealth filed a motion for this trial judge, Robert L. Wolfe, the president judge, to recuse, advancing the reasons that during the Commonwealth's investigation of the private complaint the trial judge expressed the view that Brown's testimony was totally unbelievable, even to the degree that the village idiot would not accept it; and, indeed, that Brown was a "complete liar" and that the Commonwealth was "out to get a conviction at all costs" in the Buckley case. Moreover, the trial judge opined that it is hard to believe that the Commonwealth could not have known that Brown was lying in the Buckley case. All of this is true, and we reiterate that not only does this trial judge find Brown committed perjury; but, indeed, Brown admits it, the Commonwealth admits it, and Buckley asserts it.

## RECUSAL

The Commonwealth correctly cites the law that when a trial judge is requested to recuse, the judge must decide the sufficiency of the allegations by assuming that they are true; and, being taken as true, if the trial judge's impartiality might reasonably be questioned, the judge has no alternative but must recuse. *Com-*

*monwealth v. Bryant,* 328 Pa. Super. 1, 476 A.2d 422 (1984).

Instantly, we declined to recuse simply for the reason of the issue of Brown being a liar and on the basis on which the recusal motion is bottomed is moot in that there could not possibly be any prejudicial attitude or conduct on the part of this trial judge in light of Brown's admissions and the Commonwealth's acknowledgements that Brown committed numerous perjuries. Indeed, at the time of the Buckley trial the district attorney informed the jury the Commonwealth acknowledged Brown had made differing statements from time to time. As the Commonwealth put it in its letter opinion of July 26, 1993, declining to prosecute Brown:

"You will learn, and the Commonwealth acknowledges here, at the very beginning of this case, that Brown has made differing statements as to the same set of facts, has changed certain details and facts of his statements—has withheld information from the police—

"Brown has said something one way on one occasion and another way on another occasion. He has said different things at different times—

"In short, Michael Brown is no boy scout. He is not the type of young man you'd light votive candles and pray that your daughter brings home."

The opinion continues by the Commonwealth:

"To be sure, Mr. Brown's pattern of deception patently obvious to the trial court, defense counsel, the defendant and the jury long before a single word of testimony was uttered."

We decline to recuse as, as stated, the issue is moot. Moreover, at this point, Brown is not advancing a motion for recusal. Thus, taking the allegations as true, there

is no possible way, at this stage, the Commonwealth could inferentially be prejudiced in that the motion for recusal is addressed to the issue if the Commonwealth should prosecute Brown, not the merits of the case of *Buckley v. Brown.*

*Has The Commonwealth Abused Its Discretion In Its Failure to Bring Brown To Trial On His Admitted Perjuries?*

Rule 133 of Rules of Criminal Procedure governs approval of private complaints:

"(a) When the affiant is not a law enforcement officer and the offense(s) charged include(s) a misdemeanor or felony which does not involve a clear and present danger to any person or to the community, the complaint shall be submitted to an attorney for the Commonwealth, who shall approve or disapprove *without unreasonable delay.* (emphasis added)

"(b) If the attorney for the Commonwealth

"(1) ...

"(2) disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the affiant. Thereafter the affiant may file the complaint with a judge of the court of common pleas for approval or disapproval;..."

In *Commonwealth of Pennsylvania v. William R. Eisemann, Appeal of George Miller, A Private Prosecutor,* 276 Pa. Super. 543, 419 A.2d 591 (1980), the court, in discussing Rule 133, and following cases therein, stated:

"Whether to charge a person with a criminal offense depends upon the exercise of prosecutorial discretion. This discretionary power of the district attorney in determining whether prosecution shall be commenced or

maintained may well depend on matters of policy wholly separate and apart from the existence or nonexistence of probable cause. For this reason, the courts have been wary of interfering with or attempting to supervise the district attorney in the exercise of his discretion in controlling criminal prosecutions. (citations omitted)

"In *Piscanio Appeal*, 235 Pa. Super. 490, 494-96, 344 A.2d 658, 660-62 (1975), this court said: The power granted the district attorney under Rule 133(B) to approve or disapprove private criminal complaints is consistent with the authority regularly exercised by that office in deciding whether to initiate or to discontinue prosecutions.... In addition, Rule 133(B) protects the interest of the private complainant by allowing for the submission of the disapproved complaint to a judge of a court of common pleas. The judge's independent review of the complaint checks and balances the district attorney's decision and further hedges against possibility of error.... The (private) prosecutor ... even as a victim ... has no legitimate interest, other than as a member of the general public, in seeing a violator of the laws brought to justice by the Commonwealth and punished for his misdeeds. If a private prosecutor feels individually harmed his remedy is a civil suit for damages."

The court continued and concluded:

"It would seem, therefore, that a court should not interfere with the exercise of prosecutorial discretion under Rule 133 unless there has been a gross abuse of discretion." *Id.* at 545-46, 419 A.2d at 592-93.

Mirroring the foregoing guidelines to the Commonwealth's refusal to prosecute instantly, we are compelled to conclude that the Commonwealth has grossly abused its discretion except as to Count 9 of the complaint wherein the conspiratorial charge is made against the district attorney and the police officer. By so holding

as to Count 9 which alleges the conspiratorial conduct, we do not mean to hold that such did not occur, only that the record shows no direct conspiracy; however, the entire Buckley record as pertaining to the various questions and answers of the defendant Brown could raise an inference that the Commonwealth was straining to inform Brown of some evidential circumstances that the Commonwealth had in its possession so that Brown would be able to fit his testimony to the evidence.[1] Nonetheless, we conclude that this count would fall solely within the discretion of the Commonwealth to prosecute or not to prosecute.

As to the remaining counts, there is absolutely no reason acceptably advanced by the Commonwealth not to prosecute Brown. Indeed, the Commonwealth advances as one of its reasons not to prosecute the fact that Brown's perjury was so obvious to all that it was indeed a factor in the exoneration of Buckley! The Commonwealth also found that because Brown was incarcerated for a period of two years during the course

---

1. As an example, the Commonwealth through Officer Herzog, told Brown there was a time problem of approximately three hours from the time Brown's van was seen in Akeley, Pennsylvania, in relation to the time the victim was last seen in Falconer, New York. Trooper Herzog made the statement if the victim were in Brown's house that may account for the time that was necessary. Eventually, Brown then stated to Officer Herzog the victim was in his basement with Buckley in that they had transported her from the place of kidnapping to his home.

Another glaring example is Brown changed his statement as to the location where the victim was kidnapped from Falconer, New York, to Jamestown, New York.

Another example was Brown's extreme difficulty in describing the color of clothes the victim wore and the style of clothing; however, after many questions he finally got it right.

of the litigation, by inference the Commonwealth says that he has been sufficiently punished. We are compelled to reject that line of logic. As Buckley has argued, one in prison who commits crime is invariably brought to trial for crimes committed while in jail.

Finally, the Commonwealth advances that to try Brown would necessitate continued judicial expenditure of time and funds. We likewise reject this conclusion because the Commonwealth regularly expends huge amounts of money pursuing rather minor offenses throughout this Commonwealth. Moreover, in light of Brown's admission of his perjuries, the single issue is the defense of Brown that he aligned his answers to questions put to him by District Attorney Joseph Massa and Trooper John Herzog to prosecute Buckley.

Finally, as to the Commonwealth's "policy" and "discretion" in declining to prosecute Brown, we find no viable merit to this argument. Buckley was the victim of Brown's perjuries which could have at the very least imprisoned Buckley for life or worse inflicted the death penalty upon him. Clearly it cannot in any sense of the imagination be against the policy of the Commonwealth to ignore that type of conduct.

We readily understand that the Commonwealth may feel in an awkward position by now prosecuting its star eyewitness in which it put its faith in pursuing Buckley; however, the Commonwealth does not enjoy the prerogative of washing its hands of blatant crimes committed irrespective if the criminal conduct emanated from the Commonwealth's pursuit of justice or from another source. The Commonwealth is not in a position to guarantee the success of its prosecutions; however, when it is patently apparent, as here, that it was used by Brown if that be the Commonwealth's stance, it

202

would be a gross abuse of discretion not to pursue the private complaint.

From this point on we pro se recuse, as we must conclude if the case goes to trial, this trial judge, because of his involvement throughout the trial, the sentencing of Brown on the conclusion Brown knowingly committed perjuries, and the vacating of that sentence would leave an appearance of impropriety against Brown.

For these reasons we enter the following order:

### ORDER

And now, to-wit, December 30, 1993, the court, for the reasons herein set forth, approves the complaint of Jay William Buckley vs. Michael Reuben Brown and directs the Commonwealth to pursue the complaint containing the first eight counts and at the Commonwealth's discretion to pursue Count 9.

The trial judge, Robert L. Wolfe, pro se recuses from any further proceedings in this case.