J-S09036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: PRIVATE CRIMINAL COMPLAINT ZACHARY SPADA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: ZACHARY SPADA | |
| | No. 1350 WDA 2014 |

Appeal from the Order entered July 30, 2014,
in the Court of Common Pleas of Clearfield County,
Criminal Division, at No(s): CP-17-MD-0000053-2014

BEFORE: FORD ELLIOTT, P.J.E., BOWES, and ALLEN, JJ.

MEMORANDUM BY ALLEN, J.:　　　　　　　　**FILED FEBRUARY 10, 2015**

Zachary Spada ("Appellant") appeals *pro se* from the trial court's denial of his "Petition for Review." We affirm.

The trial court explained:

[Appellant's] Petition seeks review of the district attorney's decision to disapprove [Appellant's] Private Criminal Complaint filed against D.M. Farabaugh on January 30, 2014.

[Appellant] is an inmate currently housed at SCI-Houtzdale in Clearfield County, Pennsylvania. [Appellant's] Private Criminal Complaint alleges that Mr. Farabaugh, a corrections officer at SCI-Houtzdale, called [Appellant] "a pedophile, child molester and rapist" on one occasion, and a "chester" on yet another. According to [Appellant], a "chester" is prison slang for a child molester. Based upon these purported disparaging remarks, [Appellant] filed his above-mentioned Private Criminal Complaint in an attempt to charge Officer Farabaugh with Harassment pursuant to 18 Pa.C.S.A. § 2709(a)(4).

On February 6, 2014, the district attorney disapproved [Appellant's] Private Criminal Complaint. In doing so, the attorney for the Commonwealth stated that such disapproval

was based upon the district attorney's office policy that all incidents must first be reported to the Pennsylvania State Police for investigation. As mentioned above, [Appellant] then filed a Petition for Review, pursuant to Pennsylvania Rule of Criminal Procedure 506.

Under Rule 506 and settled case law, the private criminal complainant has no right to an evidentiary hearing in connection with the trial court's review of the district attorney's decision to disapprove the private criminal complaint. *Michaels v. Barrasse*, 681 A.2d 1362, 1365 (Pa. Super. Ct. 1996); *Commonwealth v. Eisemann*, 419 A.2d 591 (Pa. Super. Ct. 1980). Rule 506 merely allows the private criminal complainant the opportunity to have his complaint reviewed in the Court of Common Pleas, following the district attorney's adverse decision. *Id*.

Trial Court Opinion and Order, 7/30/14, at 1-2 (footnote omitted).

Appellant recites four issues for our review:

a. WHETHER THE LOWER COURT ERRED IN DENYING APPELLANT'S PETITION FOR REVIEW IN THAT THE APPELLANT'S CONSTITUTIONAL RIGHTS WERE VIOLATED?

b. WHETHER THE LOWER COURT ERRED IN DENYING APPELLANT'S PETITION FOR REVIEW IN THAT IT CONDONED THE DISTRICT ATTORNEY'S VIOLATION OF APPELLANT'S CONSTITUTIONAL RIGHTS?

c. WHETHER THE LOWER COURT ERRED IN DENYING APPELLANT'S PETITION FOR REVIEW INSOFAR AS THE COURT IGNORED THAT THE OFFICE POLICY OF THE DISTRICT ATTORNEY HAD ALREADY BEEN FOLLOWED WITHOUT SUCCESS?

d. WHETHER THE "OFFICE POLICY" IS PATENTLY UNCONSTITUTIONAL AS IT RELATES TO THE RIGHT TO PETITION THE GOVERNMENT FOR REDRESS OF GRIEVANCES?

Appellant's Brief at 2. Although he lists four issues, the argument section of

Appellant's brief contains only two subsections entitled: "A. THE LOWER

COURT VIOLATED APPELLANT'S CONSTITUTIONAL RIGHTS DIRECTLY BY

ABUSING ITS DISCRETION" and "B. THE OFFICE POLICY OF THE DISTRICT ATTORNEY IS UNCONSTITUTIONAL AND ARBITRARY." Appellant's Brief at 3-4. Appellant's summary of argument reads:

> The lower court erred in improperly abrogating the appellant's constitutional right to equal protection of law and to petition the Government for redress of Grievances.
>
> The lower Court condoned the District Attorney's abrogation of the appellant's rights proffered supra.
>
> The lower Court erred in its ignorance that an office policy had been already followed. Said office policy is patently unconstitutional and violates the above promulgated rights.

Appellant's Brief at 3.

On appeal, Appellant challenges the constitutionality of the Clearfield County District Attorney's policy requiring that all incidents must first be reported to the Pennsylvania State Police for investigation before a private criminal complaint will be approved.[1] Upon review, we find that Appellant's claims are waived.

The trial court correctly noted that Appellant's "Petition does not plead any facts or proffer any evidence that would demonstrate that the district attorney's decision declining to prosecute [Appellant's] Private Criminal

---

[1] Within his petition for review, Appellant avers that on December 23, 2013, he "informed PSP of the issues raised in the Complaint via US Postal Mail. On January 15, 2014, [Appellant] received a response from Captain Bernard J. Petrovsky, the commanding officer of the Troop C PSP Barracks in Punxsutawny, PA, stating he forwarded [Appellant's] letter to the Department of Corrections' Office of Professional Responsibility and Intelligence Officer at SCI-Houtzdale." Petition for Review, 2/19/14, at 1.

Complaint amounted to bad faith, fraud or unconstitutionality." Trial Court Opinion and Order, 7/30/14, at 2. Issues not raised with the trial court are waived and cannot be raised for the first time on appeal. Pa.R.A.P. 302(a). Even issues of constitutional dimension cannot be raised for the first time on appeal. *Commonwealth v. Strunk*, 953 A.2d 577 (Pa. Super. 2008). Moreover, Appellant has failed to develop his constitutionality claims within his appellate brief, further supporting our finding of waiver. *See Commonwealth v. Tielsch*, 934 A.2d 81 (Pa. Super. 2007) (holding that undeveloped claims will not be considered on appeal). Finally, Appellant's *pro se* status "does not entitle [him] to any particular advantage because of his … lack of legal training." *Thomas v. Elash*, 781 A.2d 170 (Pa. Super. 2001), citing *First Union Mortg. Corp. v. Frempong*, 744 A.2d 327, 333 (Pa. Super. 1999).

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/10/2015

- 4 -