658 A.2d 800

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Louis METZKER, Appellee.**

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Elsie PIASTA, Appellee.**

Superior Court of Pennsylvania.

Argued Feb. 27, 1995.

Filed May 4, 1995.

Scott C. Gartley, Asst. Dist. Atty., Wilkes–Barre, for the Com., appellant.

Thomas Cometa, Kingston, for appellees.

Before DEL SOLE, SAYLOR and HOFFMAN, JJ.

DEL SOLE, Judge:

The District Attorney of Luzerne County appeals a trial court order directing the filing of a previously disapproved private criminal complaint. Pa.R.Crim.P., Rule 133(B)(3)(ii). We reverse.

The private complainants are officers of the Kingston Manor Social Club, an organization of senior citizens who reside in the Kingston Manor Apartments. The defendants are former officers of this club. Following a change in officers, the complainants had reason to believe that cash shortages existed

in the sale of soda from an on site soda machine. After unsuccessfully trying to resolve the dispute with the former officers, the complainants filed a private criminal complaint with the appropriate District Justice who forwarded the complaint to the District Attorney for approval. Pa.R.Crim.P., Rule 106, 42 Pa.C.S.A., formerly Rule 133.

■ Following receipt of the complaint, the District Attorney determined that two officers of the Kingston Borough Police Department had investigated the matter and had concluded that no charges were warranted. This conclusion was based on their determination that proving a crime was committed, given the state of the Club's financial records would be impossible. (N.T. 4/5/94 p. 30). The District Attorney disapproved the complaint with the notation "insufficient evidence after police investigation; lacks prosecutorial merit." Approval then was sought from the Court of Common Pleas.

■ The trial court concluded, and we agree that the complaint set forth sufficient facts to allege a *prima facie* case. As we stated in *Commonwealth v. Jury*, 431 Pa.Super. 129, 636 A.2d 164 (1993) once the complaint establishes a *prima facie* case, the prosecutor cannot rest the disapproval on a legal assessment of the complaint.

■ However, the inquiry does not end at this point. The Commonwealth may exercise discretion solely on the basis of policy. A determination that the case lacks "prosecutorial merit" is such a policy determination. Courts will not disturb that decision unless there is a gross abuse of discretion. *Commonwealth v. Pritchard*, 408 Pa.Super 221, 596 A.2d 827 (1991). It is at this point we disagree with the trial court's assessment. Two separate police investigations concluded that there was insufficient evidence to prove the defendants' guilt. While we said in *Jury* the complainant is not required to prove the case beyond a reasonable doubt where disapproval is based on a legal assessment of the complaint, as a policy matter, a prosecutor can consider if a conviction is attainable. Where the District Attorney concludes, based on investigation,

that a conviction is doubtful or impossible, discretion can and should be exercised to refuse approval.

Traditionally, prosecutors in Pennsylvania have been given great latitude in deciding which cases to prosecute and in rejecting those which do not warrant prosecution. The power to prosecute is enormous, bringing as it does the resources of the Commonwealth to bear on the accused. Thus, we expect those entrusted with this authority to exercise it wisely, and not proceed where they conclude that a conviction cannot be attained.

Given the testimony before the trial court that at least one other person had a key to the storage room where the inventory was kept, and the testimony of Officer Griffin about the state of the clubs records, it is obvious that there was no abuse of discretion in refusing to approve this complaint.

Order reversed, case dismissed.

HOFFMAN, J., files a concurring statement.

HOFFMAN, Judge, concurring:

I agree with the majority that where, as here, the Office of the District Attorney refuses to prosecute a private criminal complaint based on its own internal policy, we will not disturb this determination absent a gross abuse of discretion. However, I find it important to note that our deferential review does not leave the District Attorney's office with unbridled discretion. A district attorney cannot selectively withhold prosecution on the basis of race, impermissible motives or arbitrary determination, nor can he or she steadfastly refuse to prosecute certain classes of people or crimes. *See Commonwealth v. Muroski,* 352 Pa.Super. 15, 32–33, 506 A.2d 1312, 1322–23 (1986) (*en banc*) (SPAETH, P.J., concurring and dissenting). Consequently, we, as a court, must always review the district attorney's actions for constitutional violations, and must continue to act as a check against arbitrary and discriminatory decisions.

In the instant case, the decision to forego prosecution was not made on a patently discriminatory, arbitrary or pretextual

basis. Therefore, the District Attorney's office did not abuse its discretion in refusing to approve this private criminal complaint. However, I note again how important it is to make this determination on a case by case basis. Accordingly, I concur with the majority's decision.