**In re Application of Grampp**

C.P. of Berks County, no. MD 284/95.

*Christopher Carusone,* for the Commonwealth.
*Terry L. Parish,* for petitioners.

SMITH, *J.*, November 16, 1995—Petitioners submitted an application for private prosecution to the District Attorney of Berks County on April 25, 1995. By letter dated May 2, 1995, the district attorney's office advised the attorney for petitioners that it would not be pursuing the private complaint. Petitioners subsequently filed their complaint with this court seeking a review of the district attorney's disapproval of their complaints pursuant to Pa.R.Crim.P. 106(b)(2). After reviewing the record, briefs submitted by the petitioners and the applicable law, it is the conclusion of this court that the district attorney's decision not to pursue the complaint should be reviewed.

As reported by petitioners, the pertinent facts giving rise to their complaint are as follows. Petitioners responded to an advertisement in the news media and subsequently entered into a written agreement with Michael P. Machukas, the potential defendant, to harvest timber from their woodland. In consideration, Mr. Machukas promised to pay petitioners one-half the profits from the sale of the wood. After Mr. Machukas had removed the logs, petitioners subsequently discovered that he had received payment in excess of $9,000. Petitioners to date have not received any portion of that sum as per their agreement with Mr. Machukas. Based on their findings, petitioners submitted an application for private prosecution, in effect charging Mr. Machukas with theft by deception[1] and theft by failure to make required disposition of funds received.[2]

On May 2, 1995, the district attorney's office sent a letter to petitioners in which they stated, "[a]fter discussing the allegations against Mr. Machukas with our

1. 18 Pa.C.S. §3922.
2. 18 Pa.C.S. §3927(a).

trial division, it has been decided that there is no evidence that Mr. Machukas did not intend to pay for the lumber at the time of the agreement." As a result of this letter, petitioners concede that a prima facie case for the charge of theft by deception did not exist. Accordingly, petitioners are willing to withdraw their request for prosecution for this charge. However, petitioners contend that a case for the prosecution for the theft by failure to make required disposition of funds still exists. Moreover, petitioners maintain that the district attorney's office did not address that charge in their letter.

On June 22, 1995, the court conducted a hearing on the matter. At the hearing the district attorney's office argued that the private complaint should not be approved because it is a "civil matter," and as such the district attorney's office has a standing "policy" not to become involved in the collection of civil debts.

Rule 106 of the Pennsylvania Rules of Criminal Procedure deals with the approval of private complaints. The rule provides in pertinent part:

"(b) If the attorney for the Commonwealth:

"(2) disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the affiant. Thereafter the affiant may file the complaint with a judge of a court of common pleas for approval or disapproval."

The standard of review for a denial of a private prosecution is well-established:

"In determining whether to approve or disapprove a private criminal complaint, the district attorney may rely on either a legal assessment of the complaint, or wholly discretionary matters of policy. . . . When the district attorney rests the disapproval of a private crimi-

nal complaint on wholly discretionary matters of policy, this court will not disturb that determination, absent a gross abuse of discretion. . . . When the district attorney bases a dismissal solely on a lack of evidence, however, this court will apply a de novo standard of review because such a decision is not entitled to the same deference afforded a policy decision not to prosecute, even where a prima facie case exists." *Commonwealth v. Jury,* 431 Pa. Super. 129, 137, 636 A.2d 164, 168 (1993). (citations omitted)

Confusion arose in this case as the Commonwealth apparently only responded to the charge of theft by deception in their required written response. In the letter sent to petitioners, the district attorney cited legal authority for their refusal to pursue the case. The case in question dealt with the charge of theft by deception. Their decision with respect to this charge is not at issue. What, however, is at issue is the charge of theft by failure to make required disposition of funds. The attorney for the Commonwealth did not address this issue in their written reply. During the June 5, 1995, hearing on this matter, the Commonwealth stated that it was refusing to pursue the remaining charge as it constituted a "civil matter," and it was the policy of the office not to become involved in such issues. This was the first occasion petitioners had been advised that their complaint was being denied due to policy considerations.

This court does not question the authority of the district attorney's office to make a refusal to pursue a private prosecution on such policy grounds. The discretion of the office of district attorney in determining whether to prosecute a case is well settled:

"Traditionally, prosecutors in Pennsylvania have been given great latitude in deciding which cases to prosecute

and in rejecting those which do not warrant prosecution. The power to prosecute is enormous, bringing as it does the resources of the Commonwealth to bear on the accused. Thus, we expect those entrusted with this authority to exercise it wisely, and not proceed where they conclude that a conviction cannot be attained." *Commonwealth v. Metzker,* 442 Pa. Super. 94, 97, 658 A.2d 800, 801 (1995).

However, petitioners in this case were not afforded a written declaration of the district attorney's "policy" as is seemingly required by Rule 106(b)(2) when they were initially informed that their complaint was not being pursued. Therefore, this court will remand the issue back to the district attorney's office for a determination of whether its policy applies to this case. If so, pursuant to Rule 106(b)(2) the district attorney's office shall "state the reasons . . . and return it to the affiant." Moreover, this court notes that while the issue is not before it, it is clear that petitioners have suffered an injury in this case. Whether that injury should be remedied through criminal or civil sanctions is left to the discretion and wisdom of the district attorney's office.

## ORDER

And now, to wit, November 16, 1995, this court hereby remands petitioner's application for private prosecution to the Berks County District Attorney's office for review. Should the office determine that policy reasons prevent it from granting the application, the district attorney's office shall provide petitioners with a written statement to that effect. The court further grants the office of district attorney an additional period of time to respond to petitioner's application pursuant to Pa.R.Crim.P. 106(b)(3).