J-S38013-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: MISCELLANEOUS ORDERS | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: NICHOLAS DRUST | |
| | No. 1931 MDA 2014 |

Appeal from the Order Entered on October 20, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at No.: CP-40-MD-0000931-2014

BEFORE:  WECHT, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY WECHT, J.:                **FILED AUGUST 12, 2015**

Nicholas Drust appeals the October 20, 2014, order affirming the
Luzerne County District Attorney's Office's disapproval of Drust's private
criminal complaint.  We affirm.

The trial court recited the procedural and factual history of this case as
follows:

> On July 3, 2013, at approximately 8:00 pm, an altercation
> occurred on Heslop Road, Rice Township, Luzerne County.  Four
> individuals were involved in the altercation, shots were fired, and
> two individuals were injured.
>
> As a result of the incident, charges were filed against Robert
> Drust and [Nicholas Drust].  [Drust[1]] was charged with criminal
> attempt to commit criminal homicide, aggravated assault and
> recklessly endangering another person.  Robert Drust was
> charged with possession of a controlled substance, possession of
> a small amount of marijuana, possession of drug paraphernalia,

_____

[1]    For clarity, "Drust" will refer to Nicholas Drust and not his father,
Robert Drust.

simple assault, harassment and disorderly conduct. No charges were filed by law enforcement against the other two individuals, Larry Papach and Harry Kemmerer.

A preliminary hearing was scheduled for August 14, 2013 before Magisterial District Judge Ronald W. Swank on the charges filed against [Drust] and Robert Drust. At the time of the hearing, counsel for [Drust] advised the [trial court] that [Drust] intended to file a private criminal complaint against Larry Papach and Harry Kemmerer. This resulted in a continuance of the preliminary hearing.

On September 18, 2013, [Drust] filed two private criminal complaints with Magisterial District Judge Swank. One complaint charged Larry Papach with false imprisonment, criminal conspiracy to commit false imprisonment, attempted criminal homicide, four counts of aggravated assault and two counts of recklessly endangering another person. The second complaint charged Harry Kemmerer with false imprisonment and criminal conspiracy to commit false imprisonment.

Both complaints were forwarded to the Office of the Luzerne County District Attorney for review in accordance with Pa.R.Crim.P. 506(A). By letter dated July 7, 2014[,] counsel for [Drust] was notified that the private criminal complaints against Larry Papach and Harry Kemmerer were disapproved. With regard to the reason for the disapprovals, the Luzerne County District Attorney stated[,] "[b]ased upon the totality of the investigation of the incident in question, and the controlling legal principles, the charges proposed on these Private Criminal Complaints are disapproved. The Commonwealth believes that these charges filed against Mr. Nicholas Drust were appropriately filed and will be pursued."

On September 18, 2014, [Drust] filed a petition pursuant to Pa.R.Crim.P. 506(B)(2) to Review and Reverse District Attorney's Disapproval of two Private Criminal Complaints. On October 6, 2014, [the trial court] heard argument from counsel for [Drust] as well as for the Commonwealth.

Trial Court Opinion ("T.C.O."), 10/20/2014, at pages 1-2 (unpaginated) (some capitalization modified).

The trial court considered and denied that petition in an order dated October 20, 2014. Drust filed a timely notice of appeal on October 30, 2014.

Drust raises two issues for this Court's consideration:

1. Did the Common Pleas Court commit an error of law in affirming the district attorney's declination decisions where *de novo* review of the private criminal complaints revealed *prima facie* cases with evidentiary merit?

2. Did the Common Pleas Court misinterpret the district attorney's decisions as being policy based declinations?

Brief for Drust at 2 (some capitalization modified).

To proceed with a private criminal complaint, a complainant must secure the approval of an attorney for the Commonwealth. Pa.R.Crim.P. 506(A). A prosecutor's office is required to investigate a private criminal complaint after it is filed. **In re Wilson**, 879 A.2d 199, 211 (Pa. Super. 2005). In deciding whether a *prima facie* case has been established, the prosecutor must consider both the content of the complaint, and the result of the investigation of the case. **Id.**

> [E]ven if the facts recited in the complaint make out a *prima facie* case, the district attorney cannot blindly bring charges, particularly where an investigation may cause [him] to question their validity. Forcing the prosecutor to bring charges in every instance where a complaint sets out a *prima facie* case would compel the district attorney to bring cases [he] suspects, or has concluded *via* investigation, are meritless. The public prosecutor is duty bound to bring only those cases that are appropriate for prosecution. This duty continues throughout a criminal proceeding and obligates the district attorney to withdraw

- 3 -

charges when [he] concludes, after investigation, that the prosecution lacks a legal basis.

*Id.* at 211-212 (citations omitted; brackets in original). If the attorney for the Commonwealth disapproves the complaint, the district attorney must notify the complainant of the reasons for the disapproval. Pa.R.Crim.P. 506(B)(2). A private criminal complainant is permitted to seek judicial review of the denial of his or her complaint by the district attorney. Pa.R.Crim.P. 506.

The trial court's standard of review is dependent upon the reasons provided by the district attorney for the disapproval. ***Commonwealth v. Cooper***, 710 A.2d 76, 80 (Pa. Super. 1998). Where the district attorney's denial is based upon a legal evaluation of the evidence, the trial court undertakes *de novo* review of the matter. ***Id.*** Where the district attorney's disapproval is based upon policy considerations, the trial court accords deference to the decision and will not interfere in the absence of bad faith, fraud, or unconstitutionality. ***Id.*** at 79, 80. In the event that the district attorney offers a hybrid of legal and policy reasons for disapproval, deference to the district attorney's decision, rather than *de novo* review, is the correct standard to be employed. ***Id.***

When seeking review in the trial court, a private criminal complainant bears the heavy burden of proving that the district attorney abused his discretion. In a Rule 506 petition for review:

> the private criminal complainant must demonstrate the district attorney's decision amounted to bad faith, fraud or

- 4 -

unconstitutionality.  The complainant must do more than merely assert the district attorney's decision is flawed in these regards. The complainant must show the facts of the case lead only to the conclusion that the district attorney's decision was patently discriminatory, arbitrary[,] or pretextual, and therefore not in the public interest.  In the absence of such evidence, the trial court cannot presume to supervise the district attorney's exercise of prosecutorial discretion, and should leave the district attorney's decision undisturbed.

*In re Wilson*, 879 A.2d at 215.

Our standard of review also depends upon the district attorney's rationale for the disapproval.  Where the district attorney's decision is based solely upon legal conclusions, and the trial court's standard of review is *de novo*, "the appellate court will review the trial court's decision for an error of law.  As with all questions of law, the appellate standard of review is *de novo* and the appellate scope of review is plenary."  *Id.* at 214 (footnotes omitted).  Where the district attorney's decision is based upon policy considerations or a hybrid of legal and policy considerations, and the trial court's standard of review is abuse of discretion, "the appellate court will review the trial court's decision for an abuse of discretion, in keeping with settled principles of appellate review of discretionary matters."  *Id.* at 215. In this case, the trial court determined that the district attorney based his disapproval of the complaint upon a hybrid of legal and policy considerations, and therefore, it gave deference to the district attorney's decision.

Drust's general contention is that the trial court erred in determining that the district attorney's office provided a hybrid policy and legal

conclusion for the disapproval of Drust's private criminal complaints. Because both of Drust's issues on appeal relate to the standard of review the trial court employed, we review them together.

"Where the District Attorney concludes, based on investigation, that a conviction is doubtful or impossible, discretion can and should be exercised to refuse approval." *Commonwealth v. Metzker*, 658 A.2d 800, 801. (Pa. Super. 1995). Even if we assume that the complaints in this case set forth *prima facie* cases to support the charges sought, this Court has held that the determination that a case "lacks prosecutorial merit" is a policy determination subject to a discretionary standard of review. *See In re Private Criminal Complaints of Rafferty*, 969 A.2d 578, 582 (Pa. Super. 2009); *In re Private Complaint of Adams*, 764 A.2d 577, 581 (Pa. Super. 2000); *Metzker*, 658 A.2d at 800. Traditionally, prosecutors in Pennsylvania have been given great latitude in deciding which cases to prosecute and in rejecting those which do not warrant prosecution. *Metzker*, 658 A.2d at 801. "The power to prosecute is enormous, bringing as it does the resources of the Commonwealth to bear on the accused. Thus, we expect those entrusted with this authority to exercise it wisely, and not proceed where they conclude that a conviction cannot be attained." *Id.*

The trial court did not abuse its discretion or misinterpret the district attorney's decisions as being, in part, policy based. Specifically, the district attorney's July 7, 2014, disapproval letter stated, "[b]ased upon the totality of the investigation of the incident in question, and the controlling legal

principles, the charges proposed on these Private Criminal Complaints are disapproved. The Commonwealth believes that the charges filed against Mr. Nicholas Drust were appropriately filed and will be pursued." Drust contends that the district attorney's decision was solely a legal conclusion. The district attorney provided the following explanation for the denial:

> Instantly, the Pennsylvania State Police investigated an incident including four people. Pertinent to this appeal the Commonwealth charged [Drust] and not the two complaining witnesses. Upon [Drust's] filing of criminal complaints, the matter was reviewed again and the private criminal complaints were disapproved. Implicit in the decision was a policy decision that charges against the two complaining witnesses were unwarranted.

Brief for the Commonwealth at 6.

While the district attorney never explicitly cited the policy determination, the trial court interpreted the district attorney's reasoning as one of policy. Specifically, the trial court determined that the district attorney provided sufficient reasoning that a case lacking prosecutorial merit is an implicit policy determination. While we urge the district attorney's office to use language that is more precise as to their policy determinations in future disapproval letters of private criminal complaints, we nonetheless conclude that the trial court's interpretation was reasonable, and conclude that the trial court did not abuse its discretion.

Contrary to the arguments of Drust, the district attorney's disapproval in this case is not subject to *de novo* review because, as we determined above, it was not based on a purely legal assessment of the complaint.

Instead, it was in part a policy-based decision. Thus, we must evaluate it to determine whether it was based upon fraud, bad faith or unconstitutionality.

Drust makes no arguments sounding in bad faith, fraud or unconstitutionality. Further, the trial court does not note an allegation of such conduct. Finally, our independent review reveals none. In this case, the district attorney deemed the matter lacking in prosecutorial merit due to divergent and conflicting versions of events by those present at the incident. Such an assessment is not prohibited, as there is no evidence that it was motivated by bad faith or fraud and no proof that it is unconstitutional in its basis.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/12/2015