**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ARTHUR BOMAR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| MARJORIE J. FOX, DISTRICT ATTORNEY, GREENE COUNTY | |
| Appellee | No. 1724 WDA 2016 |

Appeal from the Order Dated September 27, 2016
In the Court of Common Pleas of Greene County
Criminal Division at No(s): CP-30-MD-0000054-2016

BEFORE: DUBOW, J., SOLANO, J., and FITZGERALD, J.[*]

MEMORANDUM BY SOLANO, J.:                    **FILED DECEMBER 12, 2017**

Appellant Arthur Bomar appeals *pro se* from the order by the Court of Common Pleas of Greene County that denied his petition for review of a private criminal complaint that was disapproved by the Greene County District Attorney's Office. We affirm.

The trial court summarized the relevant facts as follows:

> [Appellant] alleged that on Friday, February 12, 2016, [Correctional Officer ("CO")] Karfel[1] used [a] racial [epithet] and threats towards him. Seven hours later, several other SCI employees came to [Appellant]'s cell to inform him that CO Karfel had filed a Misconduct Report against him. [Appellant] stated that this Report was false and used for retaliation due to a separate Private Criminal Complaint [Appellant] filed, alleging allegations of sexual harassment. [Appellant] alleged that his rights had been violated because of the retaliation and threats that amounted to official oppression and ethnic intimidation.

---

[*] Former Justice specially assigned to the Superior Court.

[1] CO Karfel's first name does not appear in the record.

Order, 12/14/16, at 2 n.1.

Appellant submitted his Private Criminal Complaint later on February 15, 2016. The trial court provided the following subsequent procedural history:

> On March 29, 2016, the District Attorney's Office, specifically by letter signed by Chief County Detective David Lloyd Jr., of Greene County, disapproved the Complaint indicating that the "office is exercising its discretion in disapproving your complaint." An appeal from the denial was filed on April 6, 2016.
>
> On May 5, 2016, after review of the case and the applicable rules, th[e trial c]ourt [d]irected the Commonwealth to advise th[e trial c]ourt as to the reason(s) for the disapproval.
>
> The Commonwealth's response to th[e trial c]ourt provided the investigatory results of [Appellant]'s Complaint and stated that the decision to disapprove his private criminal complaint [was] due to "lack of evidence . . . lack of prosecutorial merit."
>
> \* \* \*
>
> The Commonwealth acknowledged that [Appellant] provided testimony from an inmate John Koeher, however the Commonwealth did not consider Mr. Koeher a reliable witness.
>
> \* \* \*
>
> Th[e trial c]ourt held an evidentiary hearing on September 26, 2016, and after testimony and argument determined that the District Attorney did not abuse her discretion in denying [Appellant]'s Private Criminal Complaint.[3]
>
> > [3] [Appellant] asserts that he was not able to call witnesses at his evidentiary hearing. However, the [trial c]ourt does not recall denying such a request, but in any event believes that the [trial c]ourt did not abuse its discretion in denying the relief requested.

*Id.* at 8-10 (one footnote and citations to the record omitted).

In an order following the hearing, the trial court stated its decision as follows:

> [T]he Court having now heard the testimony of [Appellant] and the argument of the District Attorney through Andrew Lock, the Court determines as factual that the District Attorney did not abuse her discretion in determining that the private criminal complaint at the above number and term should be dismissed, the Court is convinced by the argument of Mr. Lock that they had good cause to believe that Mr. Koehler would not be a reliable witness and that the Court does not believe it's an abuse of discretion in determining that Mr. Koehler in his "selective hearing" makes him unreliable, also the Court believes that the District Attorney looked at the alleged misconduct report from the same date and time, based on these factors, the Court believes that [Appellant] has failed to meet the burden to show that they have abused their discretion.

Order, 9/27/16, at 1-2.[2]

On October 17, 2016, Appellant appealed, and he now raises the following issues, which we repeat verbatim:

> 1. The [trial c]ourt improperly, erroneously, and unconstitutionally denied claims presented by Petitioner in the evidentiary hearing proceeding, including specifically.
>
> 2. The [trial c]ourt committed an error of law and/or abused its discretion or violated Petitioner's constitutional rights to due process when it denied him the ability to call witnesses to present testimony at his hearing.
>
> 3. The [trial c]ourt committed an error of law and/or abused its discretion when it determined that there was no averment of bad faith to overcome the alleged policy-based decision not to prosecute, Manager Stephen Longstreth,[3] and if so, whether a gross abuse of discretion had occurred.

_____

[2] The order is dated September 26, 2016.

[3] Appellant currently has pending in this Court two appeals from orders by the Green County Court of Common Pleas denying petitions by Appellant for review of decisions by the District Attorney not to prosecute. This appeal
*(Footnote Continued Next Page)*

4.     The [trial c]ourt committed an error of law and/or abused its discretion by forcing the Petitioner to prove his case to the district attorney beyond a reasonable doubt, where in fact, the complaint need only aver evidence sufficient to mount a prim[a] facie case.

Appellant's Brief at 3.[4]

Our standard of review follows:

<hr>

*(Footnote Continued)*

(No. 1724 WDA 2016) involves his complaint against Officer Karfel; the other appeal (No. 1725 WDA 2016) involves Appellant's complaint against Capital Case Manager Stephen Longstreth.  Appellant's briefs in the two cases are substantially similar, and it appears that Appellant may have mistakenly copied the Statement of Questions Involved that he placed in his brief in this appeal from his brief in the other appeal, which references Mr. Longstreth rather than Officer Karfel.  This appeal has nothing to do with Mr. Longstreth.  The argument in Appellant's brief on his third issue in this case references Officer Karfel, not Mr. Longstreth.  **See** Appellant's Br. at 10.  Typically, "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."  Pa.R.A.P. 2116(a).  As Appellant's third question does not state any issue regarding the trial court's affirmance of the District Attorney's decision not to prosecute Officer Karfel, we could find that Appellant waived any claim regarding Officer Karfel with respect to this third issue.  However, because the remainder of Appellant's brief clearly suggests that the reference to Mr. Longstreth in this third question is a typographical error, we decline to do so and instead will interpret Appellant's third question as though it named Officer Karfel instead of Mr. Longstreth.

[4] The District Attorney did not respond individually to each issue raised by Appellant but instead made one consolidated argument.  The District Attorney contends that the trial court "properly affirmed the denial of the Appellant's private criminal complaint."  District Attorney's Brief at 4.  The District Attorney also maintains that Appellant "has failed to establish that the trial court acted improperly or abused its discretion."  **Id.**  The District Attorney insists that Appellant's private criminal complaint was "rejected," "because an evaluation of the case determined that it had a low chance of successful prosecution."  **Id.** (citing N.T., 9/26/16, at 4).  The District Attorney concludes that Appellant "has failed to establish that the trial court acted improperly or abused its discretion."  **Id.** at 6.

Appellate examination of a trial court's review of the District Attorney's decision to disapprove a private criminal complaint implicates the following:

[W]hen the district attorney disapproves a private criminal complaint solely on the basis of legal conclusions, the trial court undertakes *de novo* review of the matter. Thereafter, the appellate court will review the trial court's decision for an error of law. As with all questions of law, the appellate standard of review is *de novo* and the appellate scope of review is plenary.

*In re Miles*, 170 A.3d 530, 534 (Pa. Super. 2017) (alteration in original and citations omitted). But if the district attorney disapproves a private criminal complaint based on policy considerations —

the trial court accords deference to the decision and will not interfere with it in the absence of bad faith, fraud or unconstitutionality. In the event the district attorney offers a hybrid of legal and policy reasons for disapproval, deference to the district attorney's decision, rather than *de novo* review[,] is the appropriate standard....

\* \* \*

Although a district attorney's legal evaluation of the evidence standing alone is subject to *de novo* review, there is no simple formula for the trial court to determine what constitutes an abuse of prosecutorial discretion.

*In re Private Complaint of Wilson*, 879 A.2d 199, 212 (Pa. Super. 2005) (*en banc*) (alteration in original and citations omitted). "A determination that the case lacks 'prosecutorial merit'" is an example of a policy consideration. *Commonwealth v. Metzker*, 658 A.2d 800, 801 (Pa. Super. 1995). "Courts will not disturb that decision unless there is a gross abuse of discretion." *Id.*

In support of his first issue, Appellant contends that after "the affiant has Petitioned the trial [c]ourt to grant independent review, the trial [c]ourt must conduct a de nov[o] review of the complaint and determine whether its evidence satisfies a prima facie cause of action." Appellant's Brief at 7-8, (citing **In re Private Complaint of Adams**, 764 A.2d 577 (Pa. Super. 2000)). We disagree.

The trial court observed that the district attorney's decision not to prosecute was based on "lack of evidence" and "lack of prosecutorial merit." Order, 12/14/16, at 9 (quoting Commonwealth's Mem. in Resp. to Ct. Order, 5/11/16). In this connection, we stated the following in **Miles**:

> A private criminal complaint must at the outset set forth a *prima facie* case of criminal conduct.
>
> *        *        *
>
> [E]ven if the facts recited in the complaint make out a *prima facie* case, the district attorney cannot blindly bring charges, particularly where an investigation may cause him to question their validity. Forcing the prosecutor to bring charges in every instance where a complaint sets out a *prima facie* case would compel the district attorney to bring cases he suspects, or has concluded *via* investigation, are meritless.

170 A.3d at 535 (alteration in original and citations omitted). The trial court concluded that "the rationale behind the prosecutor's decision is one of a hybrid of legal and policy reasons" and that the appropriate standard of review therefore was "deference to the District Attorney's decision, rather than de novo review." Order, 12/14/16, at 9. We agree that a denial because of "lack of evidence" and "lack of prosecutorial merit" is based on

both a "legal evaluation of the evidence" and "policy considerations" under

*Wilson*, 879 A.2d at 212. Therefore, the trial court correctly held that this

"hybrid of legal and policy reasons for disapproval" should be reviewed

under a deferential, rather than *de novo* standard. Thus, Appellant's claim

that the trial court was required to conduct a *de novo* review of the

complaint is meritless.

Appellant's next claim is that the trial court "committed an error of law

and/or abused its discretion or violated [Appellant]'s constitutional rights to

due process when it denied him the ability to call witnesses to present

testimony at his hearing." Appellant's Brief at 8. Relying on our decision in

*Metzker*, he argues:

> [W]hen the district attorney refuses to file the criminal complaint
> and the matter is appealed, the court is placed on the position of
> addressing the decision of the district attorney. It cannot
> properly and thoroughly do so as if it only focuses on the four
> corners of a complaint to the exclusion of the district attorney's
> investigation of other material she considered.

Appellant's Brief at 8.

The trial court stated that it "does not recall denying" a request by

Appellant to call witnesses. Order, 12/14/16, at 10 n.3. Our review of the

certified record discloses no evidence that the trial court denied such a

request. The trial court allowed Appellant to testify and invited him to mail

other evidence to the court.

Appellant complains that the District Attorney rejected evidence that a

neighboring inmate, John Koeher, gave at a disciplinary hearing, where he

stated that Officer Karfel used a racial slur and threatened retaliation against Appellant. Appellant claims he had no opportunity to cross-examine at that hearing, and objects to the District Attorney's assertion that Mr. Koeher's testimony was unreliable because of what she called his "selective hearing." The record shows, however, that the trial court allowed Appellant to address that issue and to explain why Mr. Koeher was reliable. N.T., 9/26/14, at 11. The record contains no indication that Appellant sought to call Mr. Koeher as a witness at the hearing before the trial court.

To the extent that Appellant's second issue could be construed as alleging that the trial court did not consider the district attorney's investigation, as suggested by Appellant's citation to **Metzker**, 658 A.2d 800, such a claim is likewise contradicted by the record. In its order dated December 14, 2016, the trial court referred to the "investigatory results of [Appellant]'s Complaint," noting that the Commonwealth had "stated that the decision to disapprove [Appellant]'s private criminal complaint [was] due to 'lack of evidence [and] lack of prosecutorial merit.'" Order, 12/14/16, at 9 (quoting Commonwealth's Mem. in Resp. to Ct. Order, 5/11/16). Because the trial court did consider "the district attorney's investigation of other material," Appellant's Brief at 8, Appellant is not due relief.

Next, Appellant contends that the trial court "committed an error of law and/or abused its discretion when it determined that there was no averment of bad faith to overcome the alleged policy-based decision not to prosecute [Officer Karfel] and if so, whether a gross abuse of discretion had

occurred." Appellant's Brief at 10. Appellant states, "It appears that a De Novo hearing is needed if the disapproval is based on legal reasons, and the [trial c]ourt is to apply an 'abuse of discretion standard' when the decision is a discretionary policy consideration." *Id.*

Appellant appears to be arguing that the trial court should have made specific findings that the district attorney's disapproval was made "in the absence of bad faith, fraud or unconstitutionality." *Wilson*, 879 A.2d at 212. Nevertheless, Appellant does not allege what acts of "bad faith, fraud or unconstitutionality" the trial court should have found or on what basis it should have made such a finding; he merely makes a bald accusation. By failing to develop his argument, Appellant has not established entitlement to relief. *See Zator v. Coachi*, 939 A.2d 349, 351 (Pa. Super. 2007) (appellant's undeveloped argument "failed to carry his burden of persuasion on this point"), *appeal denied*, 961 A.2d 859 (Pa. 2008) & 961 A.2d 860 (Pa. 2008); *Commonwealth v. Genovese*, 675 A.2d 331, 334 (Pa. Super. 1996) (same).

Appellant's final issue is that the trial court "committed an error of law and/or abused its discretion by forcing [Appellant] to prove his case to the district attorney beyond a reasonable doubt, where in fact, the complaint need only aver evidence sufficient to mount a prima[] facie case." Appellant's Brief at 10. Upon a thorough review of the record, we find no support for Appellant's claim that the trial court required him to prove his case beyond a reasonable doubt. This claim therefore is meritless.

Appellant also states:

In the event the district attorney offers a hybrid of legal and policy reasons for disapproval, deference to the district attorney's decision, rather than de novo review, is the appropriate standard to be employed.

Further[, "]if the prosecutor's decision was based upon a policy determination that it would not be in the best interest of the Commonwealth to prosecute, the trial Court **Must** defer to the prosecutor's discretion absent a gross abuse of discretion". ***In re Private Complaint of Owens Against Coker***, [810 A.2d 172,] 175 [(Pa. Super. 2002), ***appeal denied***, 821 A.2d 587 (Pa. 2003) (]*citing* ***Michaels v. Barrasse***, [681 A.2d 1362,] 1364-1365 [(Pa. Super. 1996)].

Lastly, See ***Commonwealth v. Jury***, 431 Pa.Super, 129, 636 A.2d 164 (1993). . . . [T]he rule of ***Jury*** is that a private complainant's duty is limited to presenting the district attorney with a prima facie case.

Appellant's Brief at 10-11 (some formatting; emphasis in original). We fail to see how the case law Appellant cites entitles him to relief. Even if a complainant has established a *prima facie* case in his private criminal complaint, the district attorney is still under no obligation to bring criminal charges: a *prima facie* case does not guarantee that a prosecution must occur. ***See Miles***, 170 A.3d at 535.

For all of these reasons, we conclude that the trial court did not err by affirming the District Attorney's disapproval of Appellant's private criminal complaint.

Order affirmed.

Judge Dubow joins the memorandum.

Justice Fitzgerald concurs in the result.

- 10 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/12/2017