J-S49024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ARTHUR BOMAR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| MARJORIE J. FOX, DISTRICT ATTORNEY, GREENE COUNTY | |
| Appellee | No. 1725 WDA 2016 |

Appeal from the Order Dated October 13, 2016
In the Court of Common Pleas of Greene County
Criminal Division at No(s): CP-30-MD-0000044-2015

BEFORE: DUBOW, J., SOLANO, J., and FITZGERALD, J.[*]

MEMORANDUM BY SOLANO, J.:                **FILED DECEMBER 12, 2017**

Appellant, Arthur Bomar, appeals *pro se* from the order by the Court of Common Pleas of Greene County that denied his petition for review of a private criminal complaint that was disapproved by the Greene County District Attorney's Office. We affirm.

The relevant facts and procedural history of this action are as follows:

[Appellant, an inmate at State Correctional Institution ("SCI") at Greene,] alleged that[, on April 22, 2015,] the Capital Case Manager, [Stephen] Longstreth, discriminated against him and threatened him because of his religious belief in Islam. [Appellant] alleged that Longstreth is motivated by racism and a hate for Muslims. [Appellant] alleged that this behavior and obscene and racial hate speech amount to Official Oppression and Intimidation.

The District Attorney's [] Chief County Detective David Lloyd Jr., in a letter dated May 6, 2015, disapproved the Private Criminal Complaint, indicating that the "*office is exercising its discretion*

---

[*] Former Justice specially assigned to the Superior Court.

*in disapproving your complaint*." An appeal from the denial was filed on May 20, 2015.

. . . [The trial c]ourt scheduled [an] evidentiary hearing for September 26, 2016 at 1:30 p.m.

\* \* \*

On September 26, 2016, the matter was before the [trial c]ourt for an evidentiary hearing. However, [Appellant] requested a continuance seeking additional reasons why the Commonwealth denied his Private Criminal Complaint. Th[e trial c]ourt granted [Appellant]'s request, pending response from the District Attorney. The [trial c]ourt further[] directed the Court Administrator to set a video conference to resolve the appeal upon receipt of the District Attorney's response.

Further, th[e trial c]ourt granted [Appellant]'s request for a transcript of the September 26, 2016 video hearing. Also, by a separate Order th[e trial c]ourt admitted the seven-page affidavit of Michael John Parrish, [Appellant]'s Witness.[3] . . .

> [3] [Appellant] asserts that he was not able to call witnesses at his evidentiary hearing. However, the [trial c]ourt does not recall denying such a request, but in any event believes that the [trial c]ourt did not abuse its discretion in denying the relief requested. Furthermore, the [trial c]ourt specifically allowed [Appellant] to submit a witness affidavit via US Mail, that of Michael John Parrish.

\* \* \*

On September 30, 2016, [Appellant] filed a *Motion to Allow Him to Submit His Witness Declaration/Affidavit* (Relating to Michael John Parrish).

On October 6, 2016, the District Attorney filed their *Memorandum in Response to Court Order*. This Memorandum informed the [trial c]ourt of the particular reasons for their denial, stating unlikely success in the prosecution of the case and that the Complaint lacked a sound factual basis for a criminal prosecution.

Specifically, the Commonwealth stated that in the continuing efforts regarding investigation of the allegations alleged by

[Appellant], the Commonwealth was able to obtain specific Department of Corrections records from [Appellant]'s Official Inmate Grievance related to this incident. The District Attorney again, after assessment of the additional information, determined "that successful prosecution of the case would be very unlikely and therefore rejection of the private criminal complaint is still appropriate."

The matter was scheduled for a video conference to be held on October 9, 2016, at 9:00 a.m. By further Order, th[e trial c]ourt acknowledged the receipt of the Affidavit of Michael John Parrish ([Appellant]'s Witness).

*   *   *

[On October 13, 2016, the trial c]ourt denied [Appellant]'s relief.

Therefore, after a careful review of the totality of the circumstances, and after giving deference to the District Attorney's decision and absent a gross abuse of discretion, th[e trial c]ourt Affirmed the District Attorney's decision; th[e trial c]ourt vacated the previous Order directing a video conference to be scheduled, as now moot.

On October 19, 2016, [Appellant] filed a *Memorandum of Petitioner's Reply to the Respondent's Memorandum*, alleging various reasons why he is entitled to an evidentiary hearing.

Th[e trial c]ourt Denied Petitioner's Request for an evidentiary hearing, as being unnecessary.

[Appellant] filed his Notice of Appeal, on October 31, 2016, appealing th[e trial c]ourt's October 13, 2016 Order.

Order, 12/14/16, at 8-14 (unpaginated) (some formatting altered; one footnote and citations to the record omitted).

Appellant raises the following issues on appeal, which we repeat verbatim:

1. The [trial c]ourt improperly, erroneously, and unconstitutionally denied claims presented by Petitioner in the evidentiary hearing proceeding, including specifically.

2.      The [trial c]ourt committed an error of law and/or abused its discretion or violated Petitioner's constitutional rights to due process when it denied him the ability to call witnesses to present testimony at his hearing.

3.      The [trial c]ourt committed an error of law and/or abused its discretion when it determined that there was no averment of bad faith to overcome the alleged policy-based decision not to prosecute, Manager Stephen Longstreth, and if so, whether a gross abuse of discretion had occurred.

4.      The [trial c]ourt committed an error of law and/or abused its discretion by forcing the Petitioner to prove his case to the district attorney beyond a reasonable doubt, where in fact, the complaint need only aver evidence sufficient to mount a prim[a] facie case.

Appellant's Brief at 3.[1]

Our standard of review follows:

Appellate examination of a trial court's review of the District Attorney's decision to disapprove a private criminal complaint implicates the following:

---

[1] The District Attorney did not respond individually to each issue raised by Appellant but instead made one consolidated argument, in which she contends that the trial court "properly affirmed the denial of the Appellant's private criminal complaint." District Attorney's Brief at 4. The District Attorney also maintains that Appellant "has failed to establish that the trial court acted improperly or abused its discretion." *Id.* at 6. The District Attorney further argues that Appellant's private criminal complaint was "rejected," "because the actions alleged would be better dealt with through the Department of Corrections Office of Special Investigations and Intelligence and an evaluation of the case determined that it had a low chance of successful prosecution." *Id.* at 4 (citing N.T., 9/26/16, at 17-18). We note, however, that the District Attorney did not raise the argument regarding the Office of Special Investigations before the trial court. *Compare* Mem. in Resp. to Ct. Order, 10/6/16, at 1-2 *and* N.T., 9/26/16, at 3-18, *with* District Attorney's Brief at 4 (citing N.T., 9/26/16, at 17-18). We need not address the merits of the District Attorney's argument as Appellant has not established entitlement to relief.

> [W]hen the district attorney disapproves a private criminal complaint solely on the basis of legal conclusions, the trial court undertakes *de novo* review of the matter. Thereafter, the appellate court will review the trial court's decision for an error of law. As with all questions of law, the appellate standard of review is *de novo* and the appellate scope of review is plenary.

*In re Miles*, 170 A.3d 530, 534 (Pa. Super. 2017) (alteration in original and citations omitted). But if the district attorney disapproves a private criminal complaint based on policy considerations —

> the trial court accords deference to the decision and will not interfere with it in the absence of bad faith, fraud or unconstitutionality. In the event the district attorney offers a hybrid of legal and policy reasons for disapproval, deference to the district attorney's decision, rather than *de novo* review is the appropriate standard....
>
> \* \* \*
>
> Although a district attorney's legal evaluation of the evidence standing alone is subject to *de novo* review, there is no simple formula for the trial court to determine what constitutes an abuse of prosecutorial discretion.

*In re Private Complaint of Wilson*, 879 A.2d 199, 212 (Pa. Super. 2005) (*en banc*) (alteration in original and citations omitted). "A determination that the case lacks 'prosecutorial merit'" is an example of a policy consideration. *Commonwealth v. Metzker*, 658 A.2d 800, 801 (Pa. Super. 1995). "Courts will not disturb that decision unless there is a gross abuse of discretion." *Id.*

In support of his first issue, Appellant contends that after "the affiant has Petitioned the trial [c]ourt to grant independent review, the trial [c]ourt must conduct a de nov[o] review of the complaint and determine whether its

evidence satisfies a prima facie cause of action. Appellant's Brief at 8 (citing *In re Private Complaint of Adams*, 764 A.2d 577 (Pa. Super. 2000)). We disagree.

Here, the district attorney's denial was based on the lack of "a sound factual basis for a criminal prosecution" and the "unlikely success in the prosecution of the case," Order, 12/14/16, at 12,[2] which are a "legal evaluation of the evidence" and a "policy consideration[]," respectively. *Wilson*, 879 A.2d at 212; *Metzker*, 658 A.2d at 801. Therefore, the trial court was required to defer to the District Attorney's decision, rather than to conduct a de novo review of the complaint. Appellant's first challenge therefore is meritless.

Appellant's next claim is that the trial court "committed an error of law and/or abused its discretion or violated [Appellant]'s constitutional rights to

---

[2] In *Miles*, we stated:

> A private criminal complaint must at the outset set forth a *prima facie* case of criminal conduct.
>
> \* \* \*
>
> [E]ven if the facts recited in the complaint make out a *prima facie* case, the district attorney cannot blindly bring charges, particularly where an investigation may cause him to question their validity. Forcing the prosecutor to bring charges in every instance where a complaint sets out a *prima facie* case would compel the district attorney to bring cases he suspects, or has concluded *via* investigation, are meritless.

170 A.3d at 535 (alteration in original and citations omitted).

- 6 -

due process when it denied him the ability to call witnesses to present testimony at his hearing." Appellant's Brief at 9. Relying on our decision in *Metzker*, he argues:

> [W]hen the district attorney refuses to file the criminal complaint and the matter is appealed, the court is placed on the position of addressing the decision of the district attorney. It cannot properly and thoroughly do so as if it only focuses on the four corners of a complaint to the exclusion of the district attorney's investigation of other material she considered.

Appellant's Brief at 9.

The trial court stated that it "does not recall denying" a request by Appellant to call witnesses. Order, 12/14/16, at 11 n.3. Our review of the certified record discloses no evidence that the trial court denied such a request. Indeed, the trial court allowed Appellant to submit an affidavit by a witness, Michael John Parrish, by mail. Order, 12/14/16, at 11 n.3 & 12 (citing Order, 10/13/16). Accordingly, Parrish's evidence was before the trial court when it made its decision to deny Appellant relief. Therefore, no relief is due on this issue.

To the extent that Appellant's second issue could be construed as alleging that the trial court did not consider the district attorney's investigation, as suggested by Appellant's citation to *Metzker*, 658 A.2d 800, such a claim is likewise contradicted by the record. The trial court specifically referenced the Commonwealth's "continuing efforts regarding investigation of the allegations alleged by [Appellant]," including that "the Commonwealth was able to obtain specific Department of Corrections

records from [Appellant]'s Official Inmate Grievance related to [the] incident" on April 22, 2015 involving Longstreth. Order, 12/14/16, at 12 (citing Commonwealth's Mem. in Resp. to Ct. Order, 10/6/16). Because the trial court did consider "the district attorney's investigation of other material," Appellant's Brief at 9, Appellant is not due relief.

Next, Appellant contends that the trial court "committed an error of law and/or abused its discretion when it determined that there was no averment of bad faith to overcome the alleged policy-based decision not to prosecute, Manager Stephen Longstreth, and if so, whether a gross abuse of discretion had occurred." Appellant's Brief at 10. He continues that, "[b]y the trial [c]ourt vacating the hearing that was scheduled for October []9, 2016, it placed [Appellant] in a position that he could not show the facts of the case." *Id.* Appellant concludes that "a De Novo hearing is needed if the disapproval is based on legal reasons, and the [trial c]ourt is to apply an 'abuse of discretion standard' when the decision is a discretionary policy consideration." *Id.*

Appellant appears to be arguing that the trial court should have made specific findings that the district attorney's disapproval was made "in the absence of bad faith, fraud or unconstitutionality." *Wilson*, 879 A.2d at 212. Nevertheless, Appellant does not allege what acts of "bad faith, fraud or unconstitutionality" the trial court should have found or on what basis it should have made such a finding; he merely makes a bald accusation. By failing to appropriately develop his argument, he has not established

entitlement to relief. *See Zator v. Coachi*, 939 A.2d 349, 351 (Pa. Super. 2007) (appellant's undeveloped argument "failed to carry his burden of persuasion on this point"), *appeal denied*, 961 A.2d 859 (Pa. 2008) & 961 A.2d 860 (Pa. 2008); *Commonwealth v. Genovese*, 675 A.2d 331, 334 (Pa. Super. 1996) (same).

Appellant's final issue is that the trial court "committed an error of law and/or abused its discretion by forcing [Appellant] to prove his case to the district attorney beyond a reasonable doubt, where in fact, the complaint need only aver evidence sufficient to mount a prima[]facie case." Appellant's Brief at 11. Upon a thorough review of the record, we find no support for Appellant's claim that the trial court required him to prove his case beyond a reasonable doubt. This claim therefore is meritless.

Appellant also states:

In the event the district attorney offers a hybrid of legal and policy reasons for disapproval, deference to the district attorney's decision, rather than de novo review, is the appropriate stand to be employed.

Further[, "]if the prosecutor's decision was based upon a policy determination that it would not be in the best interest of the Commonwealth to prosecute, the trial Court **Must** defer to the prosecutor's discretion absent a gross abuse of discretion". *In re Private Complaint of Owens Against Coker*, [810 A.2d 172,] 175 [(Pa. Super. 2002), *appeal denied*, 821 A.2d 587 (Pa. 2003) ([]citing *Michaels v. Barrasse*, [681 A.2d 1362,] 1364-1365 [(Pa. Super. 1996)].

Lastly, See *Commonwealth v. Jury*, 431 Pa.Super, 129, 636 A.2d 164 (1993). . . . [T]he rule of *Jury* is that a private complainant's duty is limited to presenting the district attorney with a prima facie case.

*Id.* at 11 (some formatting altered; emphasis in original). We fail to see how the case law Appellant cites entitles him to relief. Even if a complainant has established a *prima facie* case in his private criminal complaint, the district attorney is still under no obligation to bring criminal charges: a *prima facie* case does not guarantee that a prosecution must occur. **See** **Miles**, 170 A.3d at 535.

For all of these reasons, we conclude that the trial court did not err by affirming the District Attorney's refusal to prosecute the charges made in Appellant's private criminal complaint.

Order affirmed.

Judge Dubow joins the memorandum.

Justice Fitzgerald concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2017